ORIGINAL

FILED
AUG 2 1999
U.S. COURT OF FEDERAL CLAIMS

By leave of the Judge

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Mustafa M. Zein, Plaintiff, v. The United States, Defendant. | Civil Action No. 99-244C<br>(JUDGE ROGER B. ANDEWELT)<br>Date: July 8, 1999 |

PLAINTIFF'S MOTION TO WITHDRAW THE FOLLOWING MOTIONS FROM ANY CONSIDERATION BY THE COURT:

1. Plaintiff's Motion to file complaint UNDER SEAL.
2. Plaintiff's Motion to file Appendix to complaint UNDER SEAL.

Plaintiff MUSTAFA ZEIN ("Zein") has filed the above mentioned motions for consideration by the Court under a belief based upon the declared formal position which was displayed fully by the U.S. Government, the Defendant in this case, in a Court of Law, the U.S. District Court, the Southern District of New York as recently as January 20, 1998 - page 142 and 143 of the appendix.

Plaintiff has paraphrased the Defendant's declared and formal position, mentioned above, in the following manner:

"that many, if not all, of the documents contained in the appendix may pose a threat to National Security of the United States were they to be made part of the public record."

and

"Plaintiff **believes** that the United States **will take the position** that the factual events giving rise to the complaint potentially may pose a threat to the National Security of the United States were the information set forth in the litigation to be publicly available."

In actual fact, the Plaintiff was repeating the mantra which has been declared as the absolute truth by the U.S. Government, the Defendant, for the last thirteen years, non-stop in a Court of Law.

The Defendant now comes with another formal position negating its previous **formal position** and annulling the very premises and foundation of which both motions are being based upon, at the same time.

The premise is the following:

"The United States **will** take the position..."

"the United States **TAKES NO FORMAL POSITION,"** thus negating completely and annulling the above mentioned premise:

The foundation of both motions is:

"Events giving rise to complaint and "the documents contained in the appendix pose a threat to National Security," has also been negated and annulled by the Defendant's response:

"Defendant neither opposes nor consents..." to the issue of keeping the events and information UNDER SEAL to protect National Security and National Interest.

In other words, the Defendant in its response plainly sees no threat to either National Security or National Interest if both the premise and the foundation of both motions were to be made publicly available.

If there is a threat now to National Security, the Defendant would have supported Plaintiff's motion absolutely and without any reservation to protect both the National Interest and National Security. The Defendant's response shows a very definite and clear desire which is being expressed to have both the premise and the foundation of both motions to be made publicly available and not hidden UNDER SEAL.

The Defendant's response is sabotaging and undermining the very premise and foundation of both motions to litigate this case in camera and UNDER SEAL, the very formal position that has been declared and protected by the same Government throughout the years without any exception.

Plaintiff in both motions is not asking the Court to grant relief for the Plaintiff but to grant relief for the Defendant. Plaintiff had to file the motions in order not to take unfair advantage of the Defendant because Plaintiffs file first in Court when opening a lawsuit. Filing first openly would have deprived Defendant of the time needed to seek relief from the Court. The very request put to ("Zein") by the United States in a Court of Law on September 16, 1997. Now the United States, the Defendant, in its response is clearly showing no need whatsoever to any relief of any kind on the issues of National Security and National Interest from the United States Court of Federal Claims nor from the Plaintiff's motions to secure such a relief for the Defendant from the same Court. If the Plaintiff does not seek any relief from the Court for himself on these issues in the two motions and the Defendant is neither seeking such a relief but actually rejecting any relief

for itself by referring clearly in its response that the relief requested in the motions belongs to the Plaintiff only, then both motions are rendered null and void without really needing any consideration from the Court whatsoever.

The U.S. Government, the Defendant in this case now, has always sought the relief which being rejected now from the Court in New York claiming threats to National Security to induce the Court to grant it relief by keeping all and everything UNDER SEAL, as shown in the appendix. Was the Government lying in its claim seeking relief in New York? Is the same Government telling the truth in the United States Court of Federal Claims in rejecting the same relief and sabotaging the Plaintiff's effort to seek such a relief to protect National Security, not himself??

In New York, the U.S. Government has been taking a **formal position** but the same Government is claiming in Washington that it **"takes no formal position"** on the very same subject two contrary positions in two Courts.

Furthermore the Defendant's response has put the United States Court of Federal Claims in a bind and in a very unattainable position. If the Court accepts the motions, its decision will be tainted by the Defendant's negation and annulment of the premise and foundation of which the request is being made. If the Court denies the Plaintiff's motion because it is baseless with a wrong premise and with no foundation, the Court will take the burden and blame, in case something harmful takes place as a result of public disclosure. Last but not least, the Court cannot grant a relief that is not really being

requested or needed in any shape or form by the Plaintiff or the Defendant.

It is very clear to all who wish to see that the Defendant is being very deceitful and cannot be trusted again to keep its word and solemn promises and assurances not even in a Court of Law when very selfish special interests are calling the shots and are hell bent pursuing a private agenda regardless of cost to National Security of National Interest.

In order to prove beyond any shadow of a doubt to the Court that the seemingly innocent response of the Defendant to the motions in questions is not innocent at all but pure harm (evil) is embedded in it, Plaintiff is enclosing detailed proof that there is really a threat to National Security and National Interest which is being annulled, negated and rejected by the Defendant who is in reality the protector and the preserver of both, interest and security.

The only way left for Plaintiff to stop this deadly deceit portrayed by the Defendant and stop it dead in its track is to return the burden and responsibility to protect National Security and National interest back to where it rightly belongs squarely on the shoulders of the Defendant in this case, the executive branch of the United States Government, the Defendant in this case.

Plaintiff, Mustafa Zein, hereby respectfully moves this Court to terminate immediately any consideration to Plaintiff's motions:

1. Motion to file complaint UNDER SEAL.

2. Motion to file appendix to complaint UNDER SEAL.

Plaintiff respectfully wishes to inform the Court that he has completely and irrevocably withdrawn both motions from any consideration by the Court by virtue of this submitted motion.

Respectfully Submitted,

MUSTAFA M. ZEIN
[COR LD NTC] [PRO SE]
c/o R.W. Thabit
172-82nd Street
Brooklyn, NY 11209
(212) 682-34812