ORIGINAL

FILED
AUG 4 1999
U.S. COURT OF FEDERAL CLAIMS

By Leave of the Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MUSTAFA M. ZEIN,
Plaintiff,
v.
THE UNITED STATES,
Defendant.

No. 99-244C
(Judge Andewelt)

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, hereby replies to the opposition filed by plaintiff Mustafa M. Zein to defendant's motion for dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Mr. Zein's opposition contends that defendant's motion should be denied because jurisdiction is proper before this Court. For the reasons set forth below, Mr. Zein's arguments should be rejected, and the complaint should be dismissed for lack of jurisdiction.

I. Mr. Zein's Claim for Breach of Contract Is Barred by the Six Year Statute of Limitations

Nothing in Mr. Zein's opposition changes the fact that he is suing for an alleged breach of a contract that took place in 1985, approximately 14 years prior to the filing of this lawsuit.[1] Thus, as the applicable statute of limitations is six

---

[1] In his opposition, Mr. Zein wonders why the Government's motion failed to set forth the exact dates of the alleged breach and the resulting date on which the statute of limitations would run absent equitable tolling. Pl. Opp. at 3-4. Defendant did not set forth the precise year of the breach because that date was not set forth in Mr. Zein's complaint. See Compl. ¶¶ 15-18. In his opposition brief, however, Mr. Zein appears to concede that the alleged breach of contract took place in 1985. Pl. Opp. at 4, 7 (noting that his testimony in criminal case in 1988 was

years for a claim of breach of contract, Mr. Zein's claim is barred as of 1991 absent equitable tolling.

In his opposition, Mr. Zein argues that the statute of limitations should be tolled. Mr. Zein raises various facts which he claims support the equitable tolling of the statute of limitations. Most notably, Mr. Zein appears to argue that his criminal proceedings and related incarceration should toll the statute of limitations. However, for the reasons set forth below, none of the facts set forth by Mr. Zein support a claim for equitable tolling.

Mr. Zein appears to argue that the statute of limitation should be tolled until after the conclusion of his criminal proceedings in 1988. More specifically, Mr. Zein states that he should have filed suit within six years after the conclusion of his criminal proceedings in 1988. Pl. Opp. 15.[2] However, it is well established that incarceration does not by itself toll the statute of limitation under 28 U.S.C. § 2501. O'Callahan v. United States, 196 Ct. Cl. 556, 451 F.2d 1390 (1971); Grisham v.

---

two and one half years after the alleged breach of contract), 9; see Compl. ¶¶ 16-19 (noting that Mr. Zein was incarcerated after acquiescing to the demands of the Palestinian Organization for payment of funds that were initially promised by the United States).

[2] On page 15 of his opposition, Mr. Zein states:

> In the Plaintiff's case, the [criminal] litigation was concluded by declaring Zein's innocence in the summer of 1988. That was the time to go to Court and file a case against the U.S. Government within the allotted time if one adds six years which makes the Statute of Limitations out in the summer of 1994 in the normal case.

United States, 183 Ct. Cl. 657, 392 F.2d 980, cert. denied, 393 U.S. 843 (1968).

Furthermore, Mr. Zein's criminal proceedings during 1986 through 1988 do not toll the statute of limitation. See Pl. Opp. 10-13. In those proceedings, Mr. Zein was charged with a violation of 18 U.S.C. § 875(1) (use of the instruments of foreign commerce to demand a ransom). See Pl. App. to Compl. 56, 60, 133. Regardless of the truth or falsity of that charge,[3] Mr. Zein's criminal proceedings did not involve a claim for monetary compensation by Mr. Zein based on alleged breach of contract by the Government. Similarly, there is no evidence of any accompanying civil proceedings at that time in which Mr. Zein presented any claim for damages against the United States. Accordingly, without some other pending litigation for monetary relief, Mr. Zein's criminal proceeding are insufficient to toll the statute of limitation as to Mr. Zein's claim for breach of contract. See Glick v. United States, 25 Cl. Ct. 435, 440 (1992) (discussing instances where claimant actively pursued his judicial remedies but filed a defective pleading).

Moreover, Mr. Zein does not claim that during the pendency of his criminal proceeding that he was unaware of the alleged

---

[3] Mr. Zein's opposition discusses at length his criminal proceedings as well as the accuracy of the dockets relating to those proceedings. Pl. Opp. 10, 16-18 However, this action is not an appropriate vehicle for Mr. Zein to challenge the accuracy of validity of those criminal proceedings. Indeed, it appears that Mr. Zein has already pursued other avenues to challenge his 1988 conviction. See Pl. App. to Compl. 60 (1997 motion of Mr. Zein to set aside his 1988 conviction).

failure of the United States to pay the Palestinian Organization the promised monies that form the basis of Mr. Zein's breach of contract claim. Compl. ¶¶ 15-18. Without an allegation that the Government concealed its alleged breach of contract, however, there is no basis to toll the statute of limitations. Sette v. United States, 42 Fed. Cl. 37, 39 (1998); Entines v. United States, 39 Fed. Cl. 673, 679-680 (1997), aff'd, -- F.3d --, 1999 WL 133052 (Fed. Cir.), cert. denied, 119 S. Ct. 1766 (1999); Bruton v. United States, 34 Fed. Cl. 347, 354 (1995), aff'd, 92 F.2d 1206 (1996).

Mr. Zein also claims that the statute should be tolled because he needed additional time to compile a truthful record that he could file here with the Court. Pl. Opp. 16-21. However, it is well established that the statute of limitations is not tolled merely because the plaintiff does not have the means to prove his case. Cottrell v. United States, 42 Fed. Cl. 144, 154 (1998) (not necessary for a plaintiff to possess actual knowledge of all the relevant facts for the cause of action to accrue); Japanese War Notes Claimants Ass'n of Phillippines, Inc. v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 359 (Ct. Cl.), cert. denied, 389 U.S. 971 (1967). Thus, as Mr. Zein was aware of the Government's alleged breach of the contract in 1985, he cannot wait to file suit until "some later time when [he] becomes certain he can prevail on the merits." Christina Investment Corp., 40 Fed. Cl. at 576 (quoting State of Alaska v. United States, 32 Fed. Cl. 689, 698, 701 (1995), appeal

dismissed, 86 F.3d 1178 (Fed. Cir. 1996).

Finally, Mr. Zein claims that the alleged financial loss that is the subject of his lawsuit was the "very least" of the harms resulting from the Government's alleged breach of contract. Pl. Opp. 9-10. However, this Court only has jurisdiction to consider Mr. Zein's claim for breach of contract, and only to the extent that his claim falls within the statute of limitations set forth in 28 U.S.C. § 2501. Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998) (Tucker Act limits court's jurisdiction to non-tort money suits against the Government based upon, among other things, an expressed or implied contract); see Christina Investment Corp., 40 Fed. Cl. at 576 (statute of limitation is jurisdictional, "leaving the court without the power to entertain a claim filed beyond that time").[4]

Accordingly, for the reasons set forth above, Mr. Zein has not met his burden of establishing that the statue of limitations should be tolled on his claim of breach of contract. Entines, 39 Fed. Cl. at 680 (plaintiff bears the burden of clearly demonstrating that applicability of the Government concealment exception to the statute of limitations) (citing Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 407-08 (1994)).

---

[4] Mr. Zein also discusses in some detail the merits of defense based upon Totten v. United States, 92 U.S. 105 (1875). See Pl. Opp. 5-8. However, as the Government has not filed a motion based upon Totten, the Government will reserve discussion of that issue until an appropriate time.

## CONCLUSION

For the reasons set forth above and in Defendant's Motion to Dismiss, defendant respectfully requests that this Court dismiss Mr. Zein's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

KIRK T. MANHARDT
Assistant Director

SEAN H. LANE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

AUGUST 2, 1999

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of August, 1999, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" addressed as follows:

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, N.Y. 11209

Rosa M. Robinson

D

# UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 99-244

TO: Judge Andewelt

FROM: Clerk's Office

The attached was received on 8-2-99 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ________________ [ Rule 83.2 ]

2. ____ Proof of service: [ Rule 5(e) ]
   ____ is missing; ____ is not signed or dated;
   ____ shows service on wrong attorney of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record: ________________
   [ Rule 11 and 81(d) ]

4. ____ Does not comply with the provisions of Rule:

| | |
|---|---|
| ____ 7(b) | re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ 56(d) | re: proposed findings or statement of genuine issues is missing |
| ____ 56.1(b) | re: statement of facts or counter-statement of facts is missing |
| ____ 81(d)(1) | re: one attorney for a party; attorney to be an individual, not a firm |
| ____ 82(c) | re: binding |
| ____ 83 | re: original / copies missing |
| ____ 83.1(a)(1) | re: table of contents |
| ____ 83.1(a)(1)(G) | re: index to appendix / exhibits is missing or in the wrong location |
| ____ 83.1(b) | re: length of briefs or memoranda |
| ____ ________ | re: ________________ |

5. ____ Original affidavit(s) is / are missing [ Rule 56(f), 83 and Appendix H ]

6. ____ Does not comply with General Order No. 32 re: judge's name on all filings

7. ____ No provision in the Rules for the filing of this item

8. ✓ No response on the docket

Addi
Initials of Deputy Clerk