ORIGINAL

FILED
AUG 27 1999
U.S. COURT OF FEDERAL CLAIMS

By Leave of the Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Mustafa M Zein
Plaintiff,
v.
The United States
Defendant.

Civil Action No. 99-244C
(Judge Roger B. Andewelt)

Date: August 11, 1999

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's response is based on the very brilliant and legal arguments set forth in the Defendant's motion to dismiss, which, in effect and beyond any shadow of doubt, completely and totally contradict Defendant's OWN contention to seek dismissal of the case because the U.S. Court of Federal Claims lacks the jurisdiction in this case. The Defendant's (its attorneys) arguments have proved the Plaintiff's contention for the reasons set forth below by the very Defendant itself.

Again, as Plaintiff has pledged to the court that there is one truth being litigated in the U.S. Court of Federal Claims belonging to the Defendant in this case, No. 99-244C, Zein v. U.S., which Plaintiff holds dear and factual. The very same truth which was displayed, testified to and prevailed in a court of law which the U.S. Government, the very Defendant in this case, advanced, confirmed, and confessed to in a total and complete manner. With the same consistency, the Defendant has advanced this very truth in its motion to dismiss, which in effect has negated its contention to have the case dismissed " for lack of jurisdiction."

Noting the opposition of the Defendant on page 2, "Mr. Zein's claim is barred as 1991 absent equitable tolling" has completely ignored Defendant's brilliant and major argument in its motion to dismiss, which states: "Equitable tolling may be appropriate in two narrow instances" which "fraudulent concealment" is one of them.

The Defendant has very truly and elegantly stated that "equitable tolling means no more than that the traditional concepts of fraudulent concealment," as seen on page 8, Defendant's motion to dismiss. Plaintiff is indeed extremely fortunate to have such a Defendant, 1) who truthfully provided a factual testimony in a court of law which vindicated and confirmed the Plaintiff's claims, 2) who brilliantly or unbrilliantly provided the Plaintiff with an outright forgery (Fraudulent concealment) which invokes instantly equitable tolling, and, 3) who brilliantly advanced an argument which absolutely negates Defendant's contention to have the case dismissed.

Therefore, Plaintiff respectfully reminds Defendant that forgery WAS, IS, and ALWAYS WILL BE a fraudulent concealment of the worst kind, an offensive and criminal act that was premeditatedly and knowingly committed with malice to harm the Plaintiff by the U.S. Government, the very Defendant in this case, No. 99-244C.

The fraudulent concealment was committed on Thursday, fifteen minutes after midnight on February 7, 1991, the very time mentioned on page 2 in the Defendant's reply, which states:

"Mr. Zein's claim is barred as of 1991 absent equitable tolling."

But the computer shows the forgery to have taken place in the beginning of 1991, before the statute of limitation ran out, as calculated by the Defendant, which puts it at the end of 1991. The very fraudulent tampering with evidence by the Defendant in this case, and according to Defendant's brilliant argument that "equitable tolling may be appropriate" only when a fraudulent concealment has taken place, has negated the Defendant's contention to have the case dismissed. It is like having your cake and eating it, too.

Every time the Defendant brings up an argument, the very argument forces Plaintiff to answer it in a way that exposes the Defendant to additional harm, which the Plaintiff is trying his best to avoid. The Plaintiff intentionally filed his claim based on a breach of contract, the very least offense committed by the Defendant, which has been the antecedent cause that brought all the harm.

The honorable attorneys of the Defendant, in their zeal to defend their client, do not know and cannot know the circumstances which were actually experienced by the Plaintiff in the last fourteen years. Plaintiff was dealing with deadly predators, aided by close friends on both sides of the ocean, to save lives -- American lives. Besides the very conscientious officers in the CIA for whom the Plaintiff held, holds, and will always hold the greatest respect and affection, there were others in the U.S. Government, who worked for William Casey, who had no conscience whatsoever. Twelve hundred civilians in Lebanon were kidnapped and completely disappeared without a trace from American-held and protected areas before one single American citizen was ever harmed or kidnapped in Beirut. A person without conscience is the most deadly of all, especially when he places a bomb that kills eighty innocent civilians and harms and maims hundreds of others in order to remove a witness. None of the honorable attorneys in this case has ever, ever experienced being pursued to be killed by both sides -- pro American thugs and anti-American thugs at the same time -- as the Plaintiff experienced. The honorable attorneys belong to a department of justice that to this very day is still giving sanctuary, unholy sanctuary, to the most degenerate killers, (as mentioned in the Appendix on pages 44 and 45 of the sealed court documents). The fugitives who are being protected by the Department of Justice (as mentioned in the court documents of page 53 of the Appendix) were part of the deadly obstacles the Plaintiff had to navigate his way through in order to restore the court record which the Defendant fraudulently changed in the middle of the night.

The Defendant states: "NOT necessary for a Plaintiff to possess actual knowledge of all the relevant facts for the cause of action to occur." Plaintiff had and

still has "actual knowledge of all the relevant facts," but he had to restore the relevant facts in order "for the cause of action to occur" after the Defendant tampered fraudulently with the "relevant facts."

Any prosecutor worth his/her salt will never, never "cause an action to occur" without preparing and obtaining first "the relevant facts" that could stand up in a court of law, which the Plaintiff exactly did. The number of years it took to recreate the record in a court of law is directly related to the Government's delaying tactics put in the path of the Plaintiff. It is really very astonishing for the Defendant to seek relief from the court on the very issue which was caused by the fraudulent behavior of the very Defendant itself. It is like the one who killed his mother and asked the court to treat him leniently because he was an orphan!

People, please, get real.

For the reasons set forth above in Plaintiff's response to Defendant's motion to dismiss, Plaintiff respectfully puts it to the Court's wisdom to put an end to all these maneuvers of futility and calls upon everyone concerned to come to court and display the truth -- the only truth available in this case which was actually confirmed, confessed to, and testified to in a court of law by the U.S. Government, the very Defendant in this case.

Respectfully submitted,

Mustafa M. Zein
[COR LD NTC] [PRO SE]
c/o Robert W. Thabit, Esq.
172-82 Street
Brooklyn, N.Y. 11209
(212) 682-3481

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on this 11th day of August, 1999, I caused to be placed in the United States mail (First Class) copies of Plaintiff's response to Defendant's reply to Plaintiff's opposition to Defendant's motion to dismiss, addressed as follows:

Sean H. Lane, Esq.
Commercial Division
Department of Justice

Att.: Classification Unit
8th floor, 1100 L Street, NW
Washington, D.C. 20530

Tel. (202) 307-6288



Docket No.

UNITED STATES COURT OF FEDERAL CLAIMS

MEMORANDUM

TO: JUDGE

FROM: CLERK'S OFFICE

The attached was received on 8-16-99
and the following defect(s) is/are noted:

1. ___ Untimely, due to be filed by ______________
[Rule 83.2]

2. ___ Proof of service: [Rule 5(e)]
___ is missing; ___ is not signed or dated;
___ shows service on wrong attorney or of wrong item;
___ is not attached to each document or copy

3. ___ Not signed by the attorney **of record** [Rule 11 and 81(d)]

4. ___ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ___ | 7(b) | re: brief, supporting memorandum, affidavits shall be attached to motion |
| ___ | 56(d) | re: proposed findings or statement of genuine issues is missing |
| ___ | 56.1(b) | re: statement of facts or counter-statement of facts is missing |
| ___ | 81(d)(1) | re: **one** attorney for a party; attorney to be an individual, not a firm |
| ___ | 82(c) | re: binding |
| ___ | 83 | re: original/copies missing |
| ___ | 83.1(a)(1) | re: table of contents |
| ___ | 83.1(a)(1)(G) | re: index to appendix/exhibits is missing or in the wrong location |
| ___ | 83.1(b) | re: length of briefs or memoranda |
| ___ | ______ | re: ______________________ |

5. ___ Original affidavit(s) is/are missing [Rule 56(f), 83 and Appendix H]

6. ___ Does not comply with General Order No. 32
re: judge's name on all filings

7. ✓ No provision in the Rules for the filing of this item

8. ___ ______________________________