ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 11 2000
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUSTAFA M. ZEIN, Plaintiff, | ) | |
| v. | ) | No. 99-244C (Judge Andewelt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM
IN RELATION TO THE SEALED RECORDS OF SEPTEMBER 16, 1997

Defendant, the United States, hereby responds to the Memorandum in Relation to the Sealed Records of September 16, 1997, filed by plaintiff Mustafa M. Zein (the "Memorandum"). In his Memorandum, Mr. Zein references a sealed transcript from the Southern District of New York dated September 16, 1997, and presents additional argument as to why the Government's motion to dismiss should be denied. Nothing in Mr. Zein's Memorandum, however, changes the fact that Mr. Zein waited 14 years to file suit in this Court after the Government's alleged breach of contract, and that he has not met his burden of establishing equitable tolling. Accordingly, for the reasons forth below and in our earlier motion to dismiss, Mr. Zein's complaint should be dismissed for lack of jurisdiction.

ARGUMENT

In our motion to dismiss, the United States established that Mr. Zein's claim for breach of contract is barred by the six year statute of limitations set forth in 28 U.S.C. § 2501 because Mr. Zein seeks damages relating to a breach of contract that allegedly took place in 1985. We also established that the

doctrine of equitable tolling does not apply to Mr. Zein's claim because Mr. Zein was aware of the alleged breach of contract at the time it occurred.

In his latest Memorandum, Mr. Zein alleges that threats from both the judicial side of the Government and the executive branch prevented him from filing suit in a timely manner. Memorandum, at 4. In his Memorandum, Mr. Zein focuses generally upon two topics: 1) his safety; and 2) the criminal proceedings in the Southern District of New York. We will address each of these issues separately.

A. Mr. Zein's Contention that He Could Not File Suit Until October, 1998 Because of Concerns for His Safety

In his Memorandum, Mr. Zein now claims that "[he] will never be safe and has learned to live with that." Memorandum at 4. Despite this statement, he claims that he was able to file his case in safety after two events took place in 1998, the last of which appears to be the registration in the United States Copyright Office on October 8, 1998, of a book authored by Mr. Zein. Memorandum, at 4, 19.[1] For numerous reasons, however, Mr. Zein's latest argument does not satisfy his burden of establishing equitable tolling of his case. First, Mr. Zein has not explained what changed in 1998 that would permit him to file

---

[1] It is not clear from Mr. Zein's Memorandum what other event transpired in 1998 that affected Mr. Zein's ability to proceed with a suit against the Government. Mr. Zein cites to pages 141-47 of the Appendix he previously filed under seal, dated May 1999 ("App."); these pages relate to Mr. Zein's request to speak with another private citizen about matters under seal from the New York proceedings.

suit at that time, but not any time previously. It appears that Mr. Zein contends that by providing information on his story to others, he ensured his own safety. Memorandum, at 16. However, Mr. Zein has failed to demonstrate why he could not accomplish this task during the more than decade of time after the alleged breach of contract in 1985 but prior to the filing of this law suit. Entines v. United States, 39 Fed. Cl. 673, 680 (1997), aff'd, -- F.3d --, 1999 WL 133052 (Fed. Cir.), cert. denied, 119 S. Ct. 1766 (1999) (plaintiff bears the burden of clearly demonstrating that applicability of the Government concealment exception to the statute of limitations) (citing Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 407-08 (1994)).

Moreover, Mr. Zein has not explained why he could not proceed with filing an action under seal if he had concerns for his safety. See Memorandum, at 24 (noting that he had all the proof he needed long ago but "could not say it in open court without it being sealed.") Certainly, Mr. Zein's willingness to proceed with matters under seal in his criminal case in the Southern District of New York shows that Mr. Zein was aware of his ability to proceed in that fashion. Indeed, Mr. Zein spent significant time prior to October 8, 1998, discussing these highly sensitive matters with the Court in New York. Sealed Transcript, dated September 16, 1997; see App. at 126-32 (letter to Judge Sprizzo, dated October 3, 1997); App. at 142-147 (documents relating to permitting a third party to discuss sealed matters).

Prior to October 8, 1998, Mr. Zein also discussed his affairs in some detail with members of the private bar. App. at 73-78, 116, 120-22 (communication with private counsel). Moreover, to the extent that Mr. Zein alleges that he feared for his safety from the United States, his allegation is undermined by his continued contacts with the Government, including a lengthy written submission to the Central Intelligence Agency in 1997, in which noted his work for the agency, the alleged breach of contract by the United States and his intention to sue the Government. App. at 92, 95, 97. Thus, Mr. Zein's current claim that he was unable to come to Court with information about the alleged contract is belied by his extensive discussions with the Court in New York, private counsel and others about these matters during the same period.

Mr. Zein's contention that he could not file suit because of issues of personal safety is also at odds with his recent representations before this Court about his reason for not filing suit during the 1990's. During the hearing on defendant's motion to dismiss on January 13, 2000, Mr. Zein stated that he could not sue in the years immediately after the alleged breach of contract because of threats against his family; however, he admits that his concern for his family's safety had ended by 1991.[2]

---

[2] By using 1991 as a reference point, the United States does not concede that Mr. Zein's fears for his family from alleged threats in the Middle East constitute a basis for equitable tolling of the statute of limitations. In light of the 14 years that lapsed before the filing of this suit, however, the Court does not need to resolve this issue in order to grant the Government's motion to dismiss.

Transcript of Hearing, dated January 13, 2000 ("Jan. Tr."), at 40, 42. In response to questioning from the Court, Mr. Zein explained his reason for not filing suit in 1991:

> COURT: .... Are you telling me that the reason -- the only reason in '91 that you didn't file suit was because of your concern about Bush?
>
> MR. ZEIN: No. I didn't want to be part of any scandal. Bush --
>
> COURT: Because?
>
> ....
>
> MR. ZEIN: I didn't want to bring suit.
>
> COURT: Because you didn't want to get into a scandal?
>
> MR. ZEIN: I didn't want to be part of the scandal, Your Honor.
>
> COURT: That's the reason.
>
> MR. ZEIN: That's the reason.

Jan. Tr. 45-46. Fear of a possible scandal is not a valid basis for equitable tolling.

B. <u>The Criminal Proceedings in New York</u>

At the request of the Court and Mr. Zein, the Government has filed today under seal with the Court a copy of several transcripts from Mr. Zein's criminal proceeding in New York in 1988. These documents include: a transcript of Mr. Zein's guilty plea on February 11, 1988, to one count charging him with use of the telephone in connection with making a ransom demand; and Mr. Zein's testimony and sentencing on June 10, 1988. It was the Government's understanding that this Court permitted the filing of transcripts of the 1988 criminal proceeding because Mr. Zein

had alleged that he somehow needed information from these proceedings before filing this suit against the Government. Jan. Tr. at 51 (Court inquiring as to which withheld documents Mr. Zein needed before he could file suit), 55-56 (Mr. Zein stating that he needed the copy of the proceedings before filing suit).

Mr. Zein's Memorandum, however, makes clear that he did not need information from these criminal 1988 criminal proceeding before filing this suit. Mr. Zein now concedes that he "was **not** collecting evidence to win a civil case to prove [his] claim . . . . [as he] had all the proof [he] ever needed a long time ago . . . ." Memorandum at 24 (emphasis added). Indeed, it appears that Mr. Zein filed this action without these documents from the New York criminal proceeding.[3] Thus, the transcripts and pleadings from the New York proceeding are irrelevant to the defendant's pending motion to dismiss.

Furthermore, to the extent that Mr. Zein complains about the events that transpired during his 1988 criminal proceeding,[4] the Court of Federal Claims is not the appropriate forum to challenge

---

[3] While Mr. Zein stated at the hearing that he had a copy of the full proceedings in New York in 1988 before filing suit in this case, Jan. Tr. at 56, that apparently is not correct. The transcripts filed today from the New York criminal proceeding were provided by the United States because Mr. Zein does not have a copy of these transcripts, which is consistent with the fact that the New York proceeding are still covered by a protective order.

[4] In his Memorandum, Mr. Zein complains at length about the actions of Judge Sprizzo during the criminal proceedings in New York, including the Judge's failure to grant Mr. Zein bail, the taking of Mr. Zein's guilty plea in 1988, and Mr. Zein's subsequent sentencing. Memorandum at 5-7.

any alleged errors in his criminal proceeding. Moreover, Mr. Zein's claim that his criminal conviction and sentence were somehow fraudulent is undermined by his recent admission that he was charged with contacting a terrorist organization by telephone for the purpose of collecting a ransom, plead guilty before Judge Sprizzo to making such a telephone call, and spent 30 months in prison. Jan. Tr. 24, 29, 32, 36. Mr. Zein's guilty plea and sentence are confirmed by the available transcripts from 1988. Transcript of February 11, 1988, at 24, 35 (conviction); Transcript of June 13, 1988, at 5 (sentence).[5]

C. Mr. Zein's Does Not Have A Cause of Action for Breach of Contract

At the hearing before this Court, Mr. Zein provided additional details regarding his claim for breach of contract which call into question whether Mr. Zein has actually stated a claim for breach of contract. According to Mr. Zein, the United States promised to pay $3 million to get the hostages released. Jan. Tr. at 13-14. The United States allegedly did not fulfill its side of the bargain and Mr. Zein was responsible as guarantor. Jan. Tr. 19. While payment was eventually made of

[5] For the same reasons, the Government at this time cannot grant Mr. Zein's most recent request for additional documents from his criminal proceedings in 1988 before the Southern District of New York. See Letter to Court from Mustafa Zein, dated January 24, 2000. Mr. Zein's allegations regarding the handling of his criminal case, including the accuracy of the dockets, is not related to defendant's pending motion to dismiss. Moreover, undersigned counsel was not involved in those criminal proceedings, which took place over a decade ago, and thus does not information and dockets readily available to respond to Mr. Zein's continuing requests.

the promised monies to a Palestinian organization in 1986, Mr. Zein himself did not pay the promised sum. Jan. Tr. 25.[6] As Mr. Zein did not pay the $3 million sum, it appears that the only claim he might possess is for consequential damages as a result of the alleged breach, damages which are unrecoverable in this action. Lucas v. United States, 25 Cl. Ct. 298, 310 (1992) (consequential damages for breach of contract are not recoverable, and damages are only considered direct if there is no intervening incident: "the cause must produce the effect inevitably and naturally, not possibly or even probably.") (quoting Ramsey v. United States, 121 Ct. Cl. 426, 433 (1951), cert. denied, 343 U.S. 977 (1952)). Similarly, this Court does not have jurisdiction over any tort claims that Mr. Zein may have against the Government. Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998) (Tucker Act limits court's jurisdiction to non-tort money suits against the Government based upon, among other things, an expressed or implied contract); Lucas, 25 Cl. Ct. at 310 (claims for damages for defamation, intentional inflection of emotional distress, tortious interference with business relationships and conspiracy sound in tort and are not within this Court's jurisdiction).

---

[6] In his complaint, Mr. Zein states that he believed that he "had no choice but to acquiesce to the demands of the Radical Palestinian organization . . . ." Complaint, ¶¶ 18. Prior to the hearing on January 13, 2000, Government counsel had understood this statement to mean that Mr. Zein himself had paid the promised funds.

CONCLUSION

For the reasons set forth above and in Defendant's Motion to Dismiss, defendant respectfully requests that this Court dismiss Mr. Zein's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

KIRK T. MANHARDT
Assistant Director

SEAN H. LANE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

FEBRUARY 11, 2000

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of February, 2000, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN RELATION TO THE SEALED RECORDS OF SEPTEMBER 16, 1997" addressed as follows:

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, N.Y. 11209

Rosa M. Robinson