UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA

v. 88 Cr. 99 (JES)

MOHAMMED MUSTAPHA ZEIN,

Defendant.

------------------------------------x

New York, N. Y.
June 13, 1988

BEFORE:

HON. JOHN E. SPRIZZO,

District Judge

APPEARANCES:

RUDOLPH W. GIULIANI, Esq.
United States Attorney for the
Southern District of New York
BY: HERVE GOURAIGE, Esq.
Assistant United States Attorney

ARTHUR VIVIANI, Esq.
Attorney for Defendant

S E A L E D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA

v. 88 Cr. 99 (JES)

MOHAMMED MUSTAPHA ZEIN,

Defendant.

------------------------------x

New York, N. Y.
June 13, 1988

BEFORE:

HON. JOHN E. SPRIZZO,

District Judge

APPEARANCES:

RUDOLPH W. GIULIANI, Esq.
United States Attorney for the
Southern District of New York
BY: HERVE GOURAIGE, Esq.
Assistant United States Attorney

ARTHUR VIVIANI, Esq.
Attorney for Defendant

S E A L E D

THE COURT: What have you got to tell me about the guidelines?

MR. VIVIANI: Judge, there are two things. You had asked us about the parole guidelines and also about a sentence that would put him out of harm's way, so to speak, with the group in Damascus. What I did was, this morning I called a fellow whom I have known for fifteen or twenty years in the Probation Department, Joe Veltry, and gave him basically the background of this case in a very general way, gave him Mr. Zein's personal background, so as to get the old salient fact score, which he rates the highest, which is a 10. In addition, I gave him the offense and his role in the offense. He can only estimate, as the Probation always does -- incidentally, I suggested that he call AUSA Gouraige to verify all that I said so that he didn't feel we were pulling some wool over his eyes -- He told us categorically it would be a 7 at best, an 8 at worst. A 7 calls for a 52- to 80-month period. An 8 calls for a hundred plus. And of course he can only generalize.

It would mean, Judge, very simply, that he would not get out, assuming a 7 by the Bureau of Prisons.

THE COURT: If I gave him a five-year sentence he would get out in 35 months. That is what he would max out.

MR. VIVIANI: That's right. Absolutely right.

He would max out.

THE COURT: He would max out at two-thirds of 60. He would serve 41.

MR. VIVIANI: What we would suggest, Judge, is a three-year term of imprisonment, which means he will earn seven days good time per month, which times 36 comes to 252, which is roughly 8 1/2 months tacked on to the 29 he has done, would be 37 months. That means he is out.

THE COURT: Wait, wait. If I give him three years, he will max out in 24 months.

MR. VIVIANI: No. The mandatory out of two-thirds only applies to sentences of five years or more.

THE COURT: I see.

MR. VIVIANI: Anything under five years it is simply the good-time calculation under Section 4161 and/or the parole, assuming he made parole. So you just don't get that benefit.

THE COURT: It is one-quarter off basically for good time. Seven days a month?

MR. VIVIANI: Seven days a month if the sentence is not less than three years nor more than I think it is five years. So on a three-year sentence he would effectively be out today. However, that poses a problem, because the Bureau of Prisons may have to calculate that. So even if your Honor were to say, I give you three years

now, what I would ask the Court to do is to impose a three-year sentence, to release him on his own recognizance tonight, to surrender within two weeks. In the interim, the judgment will be filed, it will make its way to the Bureau of Prisons, we could write to the Bureau of Prisons, explain what we think the law to be under 4161 with the seven months' good time. They can calculate it out. He can go in for that day. And if they find that he has earned the time, he would then be out. That is the only suggestion I can make, assuming your Honor wants him out, as you said, on Friday.

THE COURT: What about the second problem?

MR. VIVIANI: The second problem we think can be handled by him, Judge, from the standpoint of the role of what he has done. That is our suggestion, your Honor.

THE COURT: It is his concern more than anyone's.

MR. VIVIANI: Yes, sir.

MR. BATCHELDER: Your Honor, I can indicate that on the second part that something else will run here. We think that it is pretty much covered. That is about all I can tell you right now. We have a pretty good feeling for it.

THE COURT: I am not going to protect him any more than he wants to be protected.

MR. BATCHELDER: We think that part we have

covered.

THE COURT: That seems like a fair sentence to me. I would have given him five years, but if the effect of the five-year sentence is that he is going to serve another two years or 40 months, I will let him out in three years. For the reasons I gave on Friday, I think a sentence of time served is justified.

I will accept your application. I will impose a sentence of three years.

What is it, one count here?

MR. VIVIANI: One count.

MR. GOURAIGE: Yes, one count.

THE COURT: I see no need to impose a fine. Do we have to have the $50 statutory sentence here?

MR. GOURAIGE: Judge, it is a $50 assessment.

THE COURT: The $50 assessment is imposed, and I will release him on his own recognizance. You can make arrangements to surrender him within thirty days if a surrender is necessary. That is a fair disposition. I will seal the record.

\- - -