ORIGINAL

**_In the United States Court of Federal (_**

FILED
FEB 22 2000
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MUSTAFA M. ZEIN, Plaintiff, -v- THE UNITED STATES Defendant. | **Civil Action No. 99-0244-C** **(JUDGE ROGER B. ANDEWELT)** **Date: February 16, 2000** |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
FILING OF THE 1988 COURT'S PROCEEDING
OF THE SOUTHERN DISTRICT COURT OF NEW YORK
IN THE CASE OF U.S. - v - ZEIN, No. 88 CR.99 (JES)

Please find enclosed a copy of a Memorandum dated February 10, 2000 and addressed to the Honorable Judge John Sprizzo which is the Plaintiff's response to the Defendant's filing of the 1988 Court's proceedings without supplying the Plaintiff with a copy of those fraudulent and falsified Court's proceedings. I will be viewing these proceedings this Friday the 18th of February.

Regardless of the information contained in these proceedings which do not have any Court's Reporter's name on them, Plaintiff is filing his response ahead of the viewing of these proceedings which amount around the enormous number of only 200 pages covering the entire thirty months of litigation. The enclosed memorandum including its enclosure is an exact

duplicate of what the Honorable Judge Sprizzo received. Exact duplicates were also sent to the U.S. Attorney of the Southern district of New York and to the Honorable General Counsel of the Central Intelligence Agency.

Respectfully submitted

Mustafa M. Zein
[COR LD NTC] [PRO SE]
c/o Robert W. Thabit, ESQ,
172 82nd Street,
Brooklyn, NY 11209
Tel. 718-748-6861

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of February 2000, I caused to be placed in the United States mail (first-class mail) copies of the Plaintiff's Response to Defendant's Filing of the Fraudulent 1988 Court's Proceedings of the Southern District Court of New Your in the Case of US v. Zein, No. 88 CR.99 addressed as follows:

TO: SEAN H. LANE, ESQ.
Commercial Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-6288

Mustafa Zein

# MEMORANDUM

VIA HAND DELIVERY

February 10, 2000

To: Honorable John E. Sprizzo
United States District Judge
United States Courthouse
40 Foley Square, Room 2201
New York, New York 10007-1581

From: Mustafa M. Zein
[COR LD NTC] [PRO SE]
c/o Robert W. Thabit, ESQ,
172 82nd Street,
Brooklyn, NY 11209
Tel. 718-748-6861

RE: US vs. Zein
88 CR. 99 (JES)

February 11, 2000

Honorable Judge Sprizzo:

I know and feel very deeply that writing this memorandum is the right thing to do in order to protect you and set the record straight with the Absolute Truth. Investigators from Washington will soon come to Your Honor's Court and upon the office of the U.S Attorney for the Southern District of New York, Ms. Mary Jo White to investigate a recent theft of the Court's records which included very highly sensitive documents pertaining to American National Security and American National Interest. The investigation will eventually lead to the discovery of two forgeries and the illegal destruction of the Court's record of the case, U.S v. Zein, No. 88 CR 99 (JES).

The sealed court proceedings of 1986 and 1987 which were in the hundreds and hundreds of pages are nowhere to be found and not even mentioned on the very Criminal Dockets of the case, U.S v Zein, No. 88 CR. 99 (JES). These dockets start with the date of February 11, 1988 and end on July 28, 1988. But what is the most amazing is the very date of these dockets which is prominently displayed on the top which states:

**["February 07, 1991 at 12:15 AM"]**

Those Clerks or Clerk of the Southern District Court were really burning oil that night, fifteen minutes after midnight. The theft of the 1997 Court's record and Court's proceeding of

September 16, 1997 from the office of the Clerk will definitely instigate an investigation especially when highly sensitive documents pertaining to National Security are missing. This investigation will eventually reveal the events that took place and which caused the destruction of the Court's records and proceedings of 1986 and 1987 and the fraudulent condensation and the falsification of the Court's proceedings of 1988. The U.S Attorney for the Southern District until 1988 was the present Mayor of New York City and the one who replaced him and was in office during the public posting of the fraudulent Criminal Dockets on February 07, 1991 fifteen minutes after midnight is the present Independent Counsel who replaced Judge Kenneth Starr. You see, Your Honor, why the theft had to be done in this election year?

**The Theft**

On January 07, 2000 I received a tip that the documents filed in Your Honor's Court during 1997 pertaining to the case of U.S. v. Zein No. 88 CR. 99 (JES) have been stolen in their entirety from the OFFICE OF THE CLERK of the Courthouse in the Southern District Court of New York. Please, note the following list of the stolen record:

1. The sealed Memorandum of June 20, 1997 which was addressed to Your Honor and was delivered via hand delivery on the same date. The enclosure of that Memorandum contained secret documents that may harm the American National Interests and American National Security. The Government directly asked Your

Honor to seal it as seen on pages 35 line 25 and page 36, line 1 to line 8 of the September 16, 1997 sealed Court's proceeding.

Quote:

**"The Court:** **I will direct it to be filed UNDER SEAL.**

**Mr. Zein:** **I filed this that way. Look at it.**

**The Court:** **I will direct that any filings of any application or any motions that you file in connection with the sealed proceedings to filed under seal.**

**Mr. Zein:** **Even this Memorandum is under seal.**

**Mr. Fitzgerald:** **Your Honor, he stamped it "Confidential" and just mailed it.**

**The Court:** **You can instruct the Clerk's office."**

End of quote.

Mr. Fitzgerald, the U.S Assistant Attorney for the Southern District who is also the Chief of Organized Crime Terrorism Unit did instruct the Clerk's office of the Southern District of New York as the Judge ordered to file the Memorandum of June 20, 1997 under seal and the second Memorandum of October 03, 1997 was filed under seal by the same instructions.

2. The above mentioned Memorandum of October 03, 1997 has been also stolen from the Clerk's office with its enclosure which also contained classified material pertaining to National Security and may cause great harm if they fall in the wrong hands.

3. The September 16, 1997 sealed Court's proceeding which

accompanied the October 03, 1997 Memorandum has also been stolen from the Clerk's office.

On Monday January 10th, 2000 I went myself to the Courthouse to check it out. I was sent on a goose chase until I finally arrived to Room 370 where I was assured that the documents had to be there; but the people in charge stonewalled me. They claimed that the missing documents "might be misplaced" somewhere in the building and asked me to come back in a week or two. I refused to leave and created a deafening scene and insisted to get an acceptable answer especially when I showed them my identity and the very exact copies of all the documents filed in 1997 which had to be there in their custody under seal. What really scared the daylight out of them was when I showed them copies of the secret documents that were part of the Memorandums and told them that the FBI would be involved and when I started to ask for their names, then, one of them started to cooperate fully.

The employee went inside and brought out a big fat envelope that still carried the shape of the voluminous documents it previously contained. The only thing that was left inside the big envelope was ***two pages*** consisting of the motion to vacate the so-called conviction that never was. Then I made an experiment in front of the lady employee and put the exact copies of everything that I had which had been filed in 1997 in the big envelope and everything fitted in place like a glove. The employee checked the computer and told me that there is no trace or evidence in it

that anything was ever filed in 1997 by anyone to any court pertaining to the Case: U.S v. Zein, No. 88 CR. 99 (JES).

She also gave me an application that I have enclosed with this Memorandum, which pertains to the Court's Record of 1988. All the record and the Court's proceedings of 1988 are now in storage in the National Archives and Record Administration in Lee's Summit, Mo.

I immediately called Mr. Fitzgerald and spoke to him personally and reported the theft. He was not the least bit concerned, brushing it off as "misplaced record", the very same phrase that was used to discourage me from further inquiry at the Clerk's office, which had failed miserably. When I could not get a straight answer from him I wrote the Court in Washington. Enclosed is a copy of what I filed on January 24th, 2000.

This theft which is a heinous crime by any standard has taken place when I am in the middle of litigating a civil case against the government, Zein v. the US, No. 99-244-C., in the United States Court of Federal Claims in Washington D.C. This theft is highlighting the events and the Court's proceedings of 1986, 1987 and 1988 of which only the 1988 proceedings have survived and the rest have been illegally and criminally destroyed. The 1988 Court' s proceedings are going to be filed by the government in Court in Washington, D.C. on February 11, 2000 pursuant to a Court order.

Your Honor, both Court proceedings, the 1988 and the 1997 are now part of the Court's record in Washington, D.C., in the

civil action case, Zein v. the US, No. 99-244-C. Mr. Fitzgerald provided the government, which is the Defendant in this case, with a copy of the 1988 Court's proceedings with instructions in Your Name that **"no copy should be given to Plaintiff"**. This dramatic act of falsehood is making you look as if you have something to hide in spite of the fact that I sent Mr. Fitzgerald and the Defendant the quotation from the sealed Court's proceeding of September 16, 1997 page 31, line 1 and 2 which shows Your Honor's ordering him to give me a copy; but as usual it came to no avail.

This act is forcing the attorney for the Defendant to come to New York City and make these documents available to me to view them on Friday, the 18th of February 2000 at 10:00 AM. The Government is trying to link you directly to these 1988 falsified records to enlarge the conspiracy and to attract the attention of the press when both records of 1988 and the 1997 are compared. Both records came from the same Court and from the same Presiding Judge but both contradict each other in the extreme. **THUS BOTH RECORDS CANNOT BE TRUE.** That is **the Paradox** and that is what is going to make the headlines and that is why I have written this Memorandum to set the record straight.

Your Honor, let us face the fact. Not even an absolute fool and a certified mental patient at the same time will ever, ever believe that thirty months of litigating a case in a Court of Law can only produce a total of two hundred pages of Court's proceedings when one short Court proceeding in September 16, 1997

produced forty two pages, regardless of what is in the 1988 proceedings. These 1988 Court's proceedings scream **forgery** by their very volume without even looking at what is inside them. Also the Criminal Dockets state that I was a man without any criminal conviction or criminal record in the following years: 1988, 1989 and 1990, but suddenly I became a convicted criminal fifteen minutes after midnight on February 07, 1991. The investigators will definitely want to know who did that and who instructed them to do it? The investigators will definitely want to know why sealed Court proceedings with hundreds and hundreds of pages and their enclosures were utterly destroyed and removed from a secure storage area. Who instructed the culprit or culprits to do that?

The second forgery that was successfully interrupted by me personally pertains to the September 16th Court proceeding of 1997. After the emotional and very stormy Court session of September 16th, 1997 in Your Honor's Chamber in Camera, I received information that the Court's proceeding was fraudulently being doctored in the Courthouse. So, I made sure that I was there every single day camped in the Reporters' office raising cain complaining about the delay and accusing everyone in sight that they were fixing the record. I practically wore out every ones' nerves until I received a copy on September 24, 1997. That was the day that I really, really went berserk in the Courthouse and nearly lost it, which prompted the October 03, 1997 meeting with US Assistant Attorney for the Southern District of New York,

Mr. Patrick Fitzgerald who tried to calm me down when I confronted him with the fraudulent changes in the Court proceedings of 1997 in front of his assistant, Mr. Joe Doherty.

The same evil liaison between the Clerk of the Courthouse and the office of the US Attorney in the Southern District which falsified the 1988 Court's proceedings and destroyed the 1986 and 1987 Court's records was repeating itself again in 1997. Thus giving the impression that you, Your Honor, were behind it in 1991 and 1997. No one will believe that the two acts of forgery, the major one in 1991 and the minor one in 1997 were done without your instructions and without your knowledge, except you, the culprits and I.

I really do hope that Your Honor take the time to get them and check them against the 1997 Court's proceedings, which are missing from your own file. I know what I am talking about. Your own file has been cleansed also. Let me tell Your Honor, loud and clear that I really did not want these 1988 proceedings at all. What could have been my benefit with only falsified documents? I never even tried to get them in spite of the clear instructions you gave Mr. Fitzgerald on September 16, 1997, to give me these documents. All I was trying to do from 1991 till 1998 was the following:

(1) Neutralize the Court's real threat of citing me in contempt if I ever utter the truth revealed in Camera in Your Honor's Court to protect myself, including the truth that I was found innocent in Your Court in spite of what the fraudulent

Dockets and forged 1988 Court proceedings say.

(2) The second reason was to recreate a truthful and a genuine Court's record not only to negate the fraudulent 1988 Court's proceedings but to use this truthful record to protect my life from the thugs in the US government and their hired thugs overseas who were trying to take my life in case I went to court and filled a suit against the Government. I could not have been able to file my case in Court in Washington, D.C. without that protection which would have led anyone to the source if a foul plot was attempted against my life. I have already filed in the Court in Washington the evidence beyond doubt that attempts were actually made but failed, thank God.

Judge, let me tell you the bitter truth that even I believed that you were involved in changing the record until very recently when the information was made available to me, so please forgive me for my wrongful assumption. Now I know and no matter what you did or did not do in my case, you have been redeemed twice in my eyes. First, when you declared my innocence in Your Court on June 10, 1988 which brought tears to my eyes and made me walk to you and embrace you, if you remember. And I shall never forget your courage when you declared again on September 16, 1997 my innocence in spite of my bluntness and explained your declaration as an emotional moment which could not be contained as seen on page 23, line 12 in the sealed Court proceedings of September 16, 1997.

No matter how much the truth can be embarrassing some

time to the person, the same truth shall always save the same person, who admitted it, from extreme harm (evil) that always ensues in the deterioration of matter and things in time as it will be demonstrated and seen in this case. The truth that is contained in the September 16, 1997 sealed Court's proceedings which has been protecting me shall also protect Your Honor from anyone wishing you harm. This truth has recreated a genuine Court's record that either had been destroyed or falsified. It has revealed the actual facts of what really happened in Camera in Your Honor's Court, thus negating all the fraudulent claims contained in the falsified Court's records and proceedings which this present government is trying very hard to pin on you and make them look that they are the product of your own hands in liaison with the office of the US Attorney at the time.

Of course, if the real truth was revealed in 1988, quite a few high officials in the government at that time would have been indicted which would have really threatened the National Security and the National Interest of the United States by giving the enemies of the US government a hold to inflict harm on the American people. Now, history is repeating itself again and National Security and the National Interest are truly being sacrificed in order to win in this election year. But what disturbs me the most is the fact that you, Your Honor, are being set up to take a very hard fall which will make a good story for the news media in this election year. Please, listen to this truth. I really have nothing to gain personally except gaining

the outrage of some spin doctors in Washington who are pulling strings here and there; but to no avail because I always frustrated their efforts. I am certain that if I had cooperated, this civil case would have been settled before it had been filed. I am still paying the price.

History is repeating itself again with another batch of spin-doctors who are hell-bent trying to win elections at any cost regardless of the harm to National Security and National Interest. Again, you, Your Honor, are being considered a partisan who maintained the cover up of a scandal and "the one who helped the enemy" and who deserves to take the fall.

Thank God for the Court's proceedings of September 16, 1997 which proves beyond doubt that you had no knowledge of the forgery of the 1988 Court proceedings.

If Your Honor had really known that the 1988 sealed Court's proceedings had been falsified and fabricated and the original was destroyed, then, like any human being in spite of your honesty, you would have been tempted to shut me up and cite me for contempt when I bluntly confronted you in Your Court. You had nothing to fear because the truth was utterly destroyed in the 1988 Court's record. You assumed that the authentic record of 1988 was still intact in spite of the forged dockets and you had to tell the truth in spite of its embarrassing nature on record in Your Honor's Court on September 16, 1997.

You answered me truthfully when I asked and stated in your presence loud and clear that I was declared innocent in Your

Court in 1988 and you topped your answer with information that you could not contain yourself from the emotion of the moment when you declared my innocence. That declaration took place on Friday, June 10, 1988 at 4:30PM, which contained no hearing as the fraudulent 1988 records state. The low life who fraudulently falsified these records put the April 22, 1988 hearing (which actually took place on that date and lasted four and half hours) on the wrong date of June 10, 1988 while the session on that day lasted twenty five minutes only.

You told the truth Your Honor on September 16, 1997 as the record shows because in your mind the 1988 Court's records were still intact and your truthful answers in 1997 would not contradict the facts of 1988; but they radically do so because the facts of 1988 were changed into falsehood without your knowledge and that is the truth so help us God.

Only the truth is remembered and stored by the brain and lies are quickly forgotten because they never happened. Only the information that actually happened is retained in our memory.

Let us take as an example the interrupted attempt to falsify the 1997 Court's proceedings. Criminals always leave clues, which directly point to them when they commit a crime. Please get a copy of the September 16, 1997 proceedings, which is missing from Your Honor's file and read page 29 line 13 and 14 where Mr. Finnegan had left his name while prompting and feeding a fraudulent information by reading loudly the fraudulent "corrections" during the noisy commotion I was causing in the

Reporter's office. The poor reporter in his fear and anguish recorded automatically the name of the speaker, Mr. Finnegan, who was speaking at the time of commotion in the Reporter's office. No one else spoke in that Court's session except the Court, the Government and me. Please ask the reporter if Mr. Finnegan pretended to act in your name to fraudulently "correct" the record or not. But why the September Court's proceedings of 1997 had to be fraudulently changed?

Was it to help you, Your Honor? Absolutely not and the very Court proceeding of 1997 shows it clearly without any shadow of doubt.

When I received the actual minutes on September 24, 1997 and read the first few pages I went ballistic which prompted everyone in the office to run for cover. I really really lost it and I went to find the reporter to literally ring his neck if I could in spite of my firm faith in nonviolence.

It took three days to calm me down until the truth in the very record suddenly downed on me. You will notice it also when you read the proceeding of September 16, 1997.

The fraudulent changes in the 1997 Court's proceeding had helped one man and one man only, Mr. Patrick J. Fitzgerald.

**All the embarrassing truths which were uttered by Your Honor were kept intact practically untouched.** The fraudulent changes made me sound incoherent most of the times but kept my blunt questions and statements intact also. Everything Your Honor said that contradicted the criminal dockets and their fraudulent

claims and contradicted the forgery of 1988th condensed Court's proceedings which has devastated the truth, were all kept intact. The few fraudulent corrections that inserted words like "I may be mistaken" was immediately followed by "I challenge you" and "Bring the record" spoken by me only made it worse for the Court which was being challenged. The perfect fraudulent changes in the 1997 Court's proceedings were entirely pertaining to save Mr. Fitzgerald from his mistakes, especially when he let the cat out of the bag by mentioning the telephone call he received from an attorney from William and Connoly, the law firm which represented the President of the United States also, telling Fitzgerald that the White House needed to see the proceedings of 1988. Your Honor then asked me about it and I had to answer you on that subject. The fraudulent changes in the 1997 Court's proceeding show on page 7 that it was me who opened the subject of the White House not Mr. Fitzgerald as you, Your Honor, remember. That was the first thing I noticed in the Reporter's office when I finally received the proceeding on September 24, 1997. As I mentioned in this Memorandum, on October 03, 1997 I went and confronted Mr. Fitzgerald in the very presence of his assistant, Mr. Joe Doherty. I told him that the only thing that had kept me quiet and silent on this latest forgery was the few nuggets of what you said. I spent more than seven years to get them on record in 1997 in order to protect my life not to win a civil case in a Court of Law. Engaging Your Honor's Court and leaving a paper trail all these years was the essence of that protection that has saved my

life, so far.

I told Mr. Fitzgerald out loud all these things in the presence of his assistant and added that if he wished to transfer the responsibility of revealing the White House connection over to me, my shoulders could handle the load. Mr. Fitzgerald was very accommodating and even went and called Your Honor's secretary to tell her to inform you that we, he and I, finally began to cooperate. He then actually did what I asked him which culminated with success, after nearly four months of trying. I am talking about arranging a meeting, as the record shows, with the former Head of the Near East Division in the CIA. But the fraudulent and limited changes in 1997 Court's proceedings helped Mr. Fitzgerald but did not help you, Your Honor, whatsoever. Thus they could not have been made by your instructions and in your name.

The 1988 Court's proceedings were fraudulently changed to protect some high government official or officials from being indicted by the Independent Counsel, Mr. Walsh on charges, the least of which was treason. They also wanted to save the legacy of Mr. William Casey. That is why the CIA and the officers at the time told Your Court the truth and wished to distance themselves and the institution from everyone connected including the former Director who was dying at the time.

When in late 1998 the CIA was told by the former officers to distance itself from the case US v. Zein because **it was protecting a forgery** by insisting on keeping record under seal

and not a National Security, the CIA withdrew immediately. The Government response of "neither opposes nor consents" to the sealing of the record in the Court in Washington is a CIA jargon not a Civil Division's position as the enclosed motions show.

I do hope that I provided enough evidence to keep the vicious predators away from Your Honor's court. I shall make this Memorandum part of the record in the Case, Zein v. the US in order to enlighten the Court in Washington and to respond to the filing by the Defendant of the 1988 fraudulent Court's proceedings without supplying me with a copy.

May the Most Merciful always be your guide and the preserver of your peace.

Respectfully submitted

Mustafa M. Zein
PRO SE
c/o Robert W. Thabit, ESQ,
172 82nd Street,
Brooklyn, NY 11209
Tel. 718-748-6861

Copies to:

The Honorable General Counsel of the CIA

The Honorable Mary Jo White, U.S Attorney for the Southern District of New York.

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| MUSTAFA M ZEIN, | * | |
| Plaintiff, | * | No. 99-244C |
| v. | * | (Filed: January 14, 2000) |
| THE UNITED STATES, | * | |
| Defendant. | * | |

## ORDER

During an on-the-record hearing held in this court on Thursday, January 13, 2000, plaintiff referred to transcripts of proceedings that took place in the United States District Court of the Southern District of New York. IT IS SO ORDERED,

By Friday, January 21, 2000, plaintiff shall file a copy of that transcript under seal and marked confidential.

ROGER B. ANDEWELT
Judge

*In the United States Court of Federal Claims*

| | | |
|---|---|---|
| MUSTAFA M. ZEIN<br>Plaintiff, | : | **Civil Action No. 99-0244-C** |
| v. | : | **(JUDGE ROGER B. ANDEWELT)** |
| THE UNITED STATES<br>Defendant. | : | **Date: January 24, 2000** |

Dear Judge:

Please find enclosed a letter to Mr. Sean Lane, attorney for the defendant pertaining to the theft of documents from the office of the clerk in the Southern District of New York. The very same documents which make up the appendix which the defendant has identified in writing to your Honor's Court on August 23, 1999, "as arguably covered by the protective order in the New York proceeding and, therefore, as documents that should not be made part of the public record." These documents plus their docket have vanished from total existence.

I kindly ask Your Honor to order the Defendant to immediately send you copies of the two motions to seal the documents in the New York proceeding and copies of the two protective orders issued by the Court in New York to file them under seal, on which Your Honor's order was based to

seal them in the United States Court of Federal Claims in the case Zein vs. the US, No. 99-244C.

Respectfully submitted,

[signature]

Mustafa M. Zein,
[COR LD NTC] [PRO SE]
c/o Robert W. Thabit
Attorney and Counselor at Law
172 82nd Street
Brooklyn, NY 11209
718) 748-6861

P.S. Mr. Lane informed me today that he received the 1988 sealed Court proceedings and that he will mail them to me first to give me time to file them.

[signature]

Feb. 2, 2000

P.S. ON Feb. 8th, 2000, Mr. Lane informed me that he could NOT send me a copy because of strict instructions from New York.

[signature]

Feb. 8, 2000

Date: January 24, 2000

To: SEAN H. LANE
Commercial Litigation Branch
Civil Division
Department of Justice
8th Floor, 1100 L St., NW
Washington, D.C. 20530

Re: Zein vs. U.S.
No: 99-244C
(Judge Roger B. Andewelt)

Dear Mr. Lane,

Greetings:

According to defendant's response to the Court's order of August 02, 1999, defendant identified on August 23, 1999, quote: "pages 1 through 25 and pages 29 through 147 of Mr. Zein's appendix as arguably covered by the protective order in the New York proceeding and, therefore, as documents that should not be made part of the public order." Unquote. These pages which are "covered by the protective order" are really two Memorandums and their enclosures dated and filed on June 20, 1997 and October 03, 1997 respectively. They were covered first by two motions to seal them drafted and filed by the U.S Assistant Attorney, Mr. Patrick Fitzgerald. These two motions to seal these documents were granted by the Court in New York, which issued two separate Court's orders to file them under seal in the office of the Clerk in the Southern District of New York.

As you, Mr. Lane promised the Court on January 13, 2000 in Washington, D.C. that these documents are only misplaced and will be found. So far, nothing has been found and nothing will

be found because the very docket that should indicate the dates of their filing DOES NOT EXIST, period.

I tried very hard with your office in New York to obtain an answer on this issue and to obtain a copy of the 1988 Court's proceedings to file them in accordance with the Court Order in Washington, D.C., which was issued and filed on January 14, 2000 giving me until Friday January 21, 2000 to file; but I was stonewalled again. This is in spite of the New York Court's order to give me the record as seen on page 30, line 24 and 25 and on page 31 line 1 and 2 of the Court's proceeding of September 16, 1997:

"Mr. Zein: Can I take the record from him (U.S Assistant Attorney)so I can show the lawyer."

"The Court: Yes, take the record with you. But I think you need a lawyer."

Mr. Lane, please note that not only the documents and their docket are missing but also the two motions to seal them and the two Court's orders to file them under seal. This is a very, very serious matter to me while I am pursuing my case against the government. I promised Mr. Fitzgerald, the U.S Assistant Attorney in New York in 1998 that I WOULD NOT make an issue out of the forgery of dockets which happened in the middle of the night in February, 1991 and neither of the doctoring of the minutes of the Court's proceeding of September 16, 1997, which was done by the office of the Clerk with the help of Mr. Finnegan; but with this latest theft, I shall make it an issue, God Willing. Forgiveness is perceived as weakness by corrupted minds, which believe that they are above the law.

Therefore, I kindly ask you, Mr. Lane on record to instigate an official investigation through the proper authorities in the Department of Justice to uncover who is behind this criminal act. Secondly, please send me a copy of the

two motions to seal these documents in New York which were drafted and filed by Mr. Fitzgerald and the two Court's orders covering them, which the defendant confirmed on August 23, 1999 and you personally assured the Court that they were protected and preserved on January 13, 2000.

Awaiting your response to be filed as this letter is being filed in Court and on record.

I remain,

Sincerely yours,

Mustafa M. Zein
c/o Robert W. Thabit
Attorney and Counselor at Law
172 82nd Street
Brooklyn, NY 11209
718) 748-6861

Note: I received the call requesting the 1988 Court proceedings which were not given to me by Mr. Fitzgerald in spite of informing him that I was following the Court's order in Washington. Please try to get them yourself and send me a copy. Thanks.

Office use only (this section) Fax Mail Certify **FRONT OFFICE**

Received ____________ Check/MO $________ Charge T or N

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION - CENTRAL PLAINS REGION - LEE'S SUMMIT

## CIVIL OR CRIMINAL BY FAX/MAIL/COURIER

The National Archives and Records Administration in Lee's Summit, MO, accepts requests for photocopies of civil or criminal case files. You may request copies of the entire contents of the case file, a package of commonly requested documents **(from criminal case files only)**, or documents that you select from either civil or criminal case files. **Payment must accompany your request.**

Step 1: FOR EACH CASE, obtain the following information from the Court where the case was filed and closed. PLEASE USE ONLY ONE FORM PER CASE. (This form may be photocopied.)

ACCESSION NUMBER: 021-90 235

NARA LOCATION NUMBERS: Row A75 Unit 03 Shelf 09-6

AGENCY BOX NUMBER: 6

CASE FILE NUMBER: 88CR99 CASE FILE NAME: ____________

CITY AND STATE WHERE COURT IS LOCATED: NY NY

Step 2: The following options are available:

[ ] ENTIRE CASE. Cost: $35.00 (Uncertified) or $45.00 (Certified). All documents of the case file will be copied. You will be notified and given further options if your request exceeds 70 pages.

[ ] PACKAGE containing commonly requested documents in **Criminal** (not Civil) case files. Cost: $10.00 (Uncertified) or $20.00 (Certified). This option includes copies of the following documents only:

1. The Judgment and Sentence or Probation/Commitment Order
2. Charging Documents (the Indictment, Rule 20, or Information Document).

If you choose the PACKAGE, you will receive copies of these documents, and a list of any which are not in the case. All questions concerning the contents of a particular file should be directed to the appropriate Court.

**NOTE: This option is NOT available for Civil cases--it is only for Criminal cases.**

[ ] SPECIFIC DOCUMENTS. COST: $26 (Uncertified) or $36 (Certified). A copy of the DOCKET SHEET obtained from the Court which indicates the case-file name, number, and the date and title of the specific documents to be copied must be included with this request form. Circle the documents that are to be copied. All questions concerning file contents should be directed to the appropriate District Court. You will be notified and given further options if your request exceeds 50 pages.

[ ] DOCKET SHEET. COST: $10. If the docket sheet is stored at our facility, obtain the STEP 1 information for the **docket sheet** from the Court. We will fax or mail the docket sheet to you, so you can mark the documents you need and send it with your request for SPECIFIC DOCUMENTS (see above.)

[ ] CERTIFICATION: $10 EACH. **(Copies to be returned via FAX cannot be certified.)** This service provides you with an attached form stating that all reproductions are a true and correct copy of documents in our custody. **It does not mean that photocopies are sent by certified mail.**

JOE Doherty 7.9263

U.S. Department of Justice

*United States Attorney*

*Southern District of New York*

*One St. Andrew's Plaza*

*New York, New York 10007-1703*

FOR PICK UP!

MUSTAFA Zein

(The envelope to pick up the letter.

M. Z.

Feb. 16, 2000)

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 3, 1998

For Pick Up By Hand
Personal and Confidential
Mr. Mustafa Zein

United States v. Mustafa Zein
Cr. 89-00099-01

Dear Mr. Zein:

This letter will serve to notify you formally that Mr. Anderson has signed the required confidentiality letter (a copy of which is enclosed) and that, accordingly, you are authorized by the order of United States District Judge John E. Sprizzo, dated January 23, 1998, to speak with Mr. Anderson pursuant to the terms of the Order (a copy of which Order is also enclosed). At Mr. Anderson's request, I will be providing to you his home and work telephone numbers.

Because of the sensitive nature of the subject matter discussed herein, a copy of this letter is being filed under seal with the Court.

Very truly yours,

MARY JO WHITE
United States Attorney

By: [signature]
PATRICK J. FITZGERALD
Assistant United States Attorney
(212) 791-8146

cc: Hon. John E. Sprizzo (under seal)

RETURN WITH DATE-STAMP

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MUSTAFA M. ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, New York 11209

Plaintiff,

-v-

UNITED STATES OF AMERICA
c/o United States Department of Justice
10th and Pennsylvania Ave., N.W.
Washington, D.C. 20530

Defendant.

Civil Action No. 99-0244-C

RECEIVED
APR 27 1999
U.S. COURT OF FEDERAL CLAIMS

## MOTION TO FILE APPENDIX TO COMPLAINT UNDER SEAL

Plaintiff Mustafa Zein ("Zein") filed a Complaint and Demand for Judgment and a Motion to File Complaint Under Seal in this Court on April 26, 1999. The Complaint seeks redress for injuries Zein suffered and damages he incurred as a result of a breach of contract by the Government of the United States of America. As support for the allegations contained in his Complaint, Plaintiff has compiled a compendium of documents and assembled them into an Appendix ("Appendix"). Plaintiff herein moves this Court to accept the filing of this Appendix under seal.

Plaintiff believes that the United States will take the position that many, if not all, of the documents contained in the Appendix may pose a threat to the national security of the United States were they to be made part of the public record. Additionally, during earlier proceedings in the United States District Court for the Southern District of New York related to the Complaint, the United States Department of Justice requested that all documents and court filings related to the

events affecting Zein and his involvement with the United States government be affected under protective seal.

Accordingly, Plaintiff Mustafa Zein hereby moves this Court to accept the attached Appendix for filing under seal.

Respectfully submitted,

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, New York 11209

Dated: April 27, 1999

RETURN WITH DATE STAMP

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-----------------------------------------------------X

MUSTAFA M. ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, New York 11209

Plaintiff,

-v-

UNITED STATES OF AMERICA
c/o United States Department of Justice
10th and Pennsylvania Ave., N.W.
Washington, D.C. 20530

Defendant.

-----------------------------------------------------X

APR 2 7 1999

Civil Action No. 99-0244-C

## MOTION TO FILE APPENDIX TO COMPLAINT UNDER SEAL

Plaintiff Mustafa Zein ("Zein") filed a Complaint and Demand for Judgment and a Motion to File Complaint Under Seal in this Court on April 26, 1999. The Complaint seeks redress for injuries Zein suffered and damages he incurred as a result of a breach of contract by the Government of the United States of America. As support for the allegations contained in his Complaint, Plaintiff has compiled a compendium of documents and assembled them into an Appendix ("Appendix"). Plaintiff herein moves this Court to accept the filing of this Appendix under seal.

Plaintiff believes that the United States will take the position that many, if not all, of the documents contained in the Appendix may pose a threat to the national security of the United States were they to be made part of the public record. Additionally, during earlier proceedings in the United States District Court for the Southern District of New York related to the Complaint, the United States Department of Justice requested that all documents and court filings related to the

events affecting Zein and his involvement with the United States government be affected under protective seal.

Accordingly, Plaintiff Mustafa Zein hereby moves this Court to accept the attached Appendix for filing under seal.

Respectfully submitted,

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, New York 11209

Dated: April 27, 1999

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Rec'd 5/12/99 RWT

| | | |
|---|---|---|
| MUSTAFA M. ZEIN, Plaintiff, | ) | |
| v. | ) | No. 99-244C (Judge Andewelt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE COMPLAINT UNDER SEAL

Defendant, the United States, hereby responds to plaintiff's motion to file complaint under seal (the "Motion"). The United States takes no formal position on the Motion. Accordingly, defendant neither opposes nor consents to the relief requested by plaintiff in the Motion.

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

Kirk T. Manhardt / by Harold D. Lester, Jr.
KIRK T. MANHARDT
Assistant Director

SEAN H. LANE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

MAY 10, 1999

Attorneys for Defendant

# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MUSTAFA M ZEIN, | |
| Plaintiff, | No. 99-244C |
| v. | (Filed: August 2, 1999) |
| THE UNITED STATES, | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On July 14, 1999, the court received in chambers plaintiff's motion to withdraw its motions to file under seal both the complaint and the appendix to the complaint, and plaintiff's memorandum in support thereof. On July 19, 1999, the court received in chambers plaintiff's response to defendant's motion to dismiss. Plaintiff's motion to withdraw and memorandum in support thereof, and plaintiff's response to defendant's motion to dismiss shall be FILED THIS DAY. Plaintiff shall direct all future filings to the Clerk's Office in accordance with RCFC 5(d).

Before the court rules on any pending motions, the court will give defendant until August 23, 1999, to identify any portions of the complaint or any documents contained in the appendix to the complaint that defendant believes should not be made part of the public record. If the court does not receive any objections from defendant by August 23, 1999, the court will file the complaint and the appendix thereto in the public record.

IT IS SO ORDERED.

ROGER B. ANDEWELT
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MUSTAFA M. ZEIN, Plaintiff, v. THE UNITED STATES, Defendant. | No. 99-244C (Judge Andewelt) |

DEFENDANT'S RESPONSE TO COURT'S ORDER OF AUGUST 2, 1999

Defendant, the United States, hereby responds to the Court's order of August 2, 1999, in which the Court requested that defendant "identify any portions of the complaint or any documents contained in the appendix to the complaint that defendant believes should not be made part of the public record."

On April 26, 1999, Mr. Zein filed the complaint in this action. On April 27, 1999, Mr. Zein filed an appendix to his complaint and a motion to file that appendix under seal. The United States filed a response to Mr. Zein's motion to seal on June 3, 1999. In our response, we took no position upon Mr. Zein's motion to seal but noted that, to the extent that information contained within Mr. Zein's appendix was covered by a protective order issued by Judge John E. Sprizzo in United States v. Mustafa Zein, No. 88 Cr. 99 (S.D.N.Y.) (the "New York proceeding"), such information was prohibited from disclosure by that order.

In order to determine whether information contained in the complaint or appendix in this action is covered by the protective order in the New York proceeding, we recently consulted with the

United States Attorney's Office for the Southern District of New York. As a result of information obtained from the United States Attorney's Office, defendant identifies pages 1 through 25 and pages 29 through 147 of Mr. Zein's appendix as arguably covered by the protective order in the New York proceeding and, therefore, as documents that should not be made part of the public record. In addition, Mr. Zein's complaint should not be made part of the public record because it refers to matters that took place under seal in the New York proceeding.

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

KIRK T. MANHARDT
Assistant Director

SEAN H. LANE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

AUGUST 23, 1999

Attorneys for Defendant

# In the United States Court of Federal Claims

| | |
|---|---|
| MUSTAFA M ZEIN, | |
| Plaintiff, | No. 99-244C |
| v. | (Filed: August 30, 1999) |
| THE UNITED STATES, | |
| Defendant. | |

ORDER

Based upon a review of defendant's August 23, 1999, response to this court's order of August 2, 1999, it is hereby ORDERED:

The Clerk of the Court shall file plaintiff's complaint and pages 1 through 25 and pages 29 through 147 of the Appendix thereto under seal. Pages 26 through 28 and pages 148 through 390 of the Appendix shall be filed in the public record.

ROGER B. ANDEWELT
Judge