ORIGINAL

FILED
AUG 0 3 2000
U.S. COURT OF FEDERAL CLAIMS
By Leave of the Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MUSTAFA M. ZEIN, )
)
Plaintiff, )
)
v. ) No. 99-244C
) (Judge Andewelt)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM
REGARDING TRANSCRIPTS FROM HIS CRIMINAL PROCEEDINGS IN 1988

Defendant, the United States, hereby responds to the memorandum dated May 18, 2000 regarding transcripts from his criminal proceeding in the Southern District of New York, filed by plaintiff Mustafa M. Zein (the "Memorandum"). In his Memorandum, Mr. Zein once again alleges irregularities regarding his criminal case in the Southern District of New York, including his unsubstantiated claim that transcripts from those proceedings have been altered. Once again, however, Mr. Zein distracts the Court's attention away from the pending issue before the Court in this case: whether Mr. Zein has brought a timely claim for breach of contract against the United States. The Government submits that Mr. Zein has not done so, for the reasons set forth more fully in our previously filed motion to dismiss and related pleadings. Moreover, Mr. Zein's allegations regarding his criminal case are unsupported and contradicted by the documentary evidence, including those documents submitted by Mr. Zein, as well as Mr. Zein's own statements. Accordingly, the United

States requests that the Court grant its motion to dismiss and leave Mr. Zein's allegations regarding his criminal case to the more appropriate forum of the United States District Court for the Southern District of New York.

I. <u>The Transcripts From Mr. Zein's Criminal Proceedings In The Southern District Of New York Are Irrelevant To Mr. Zein's Current Claim For Breach Of Contract</u>

In our motion to dismiss, the United States established that Mr. Zein's claim for breach of contract is barred by the six year statute of limitations set forth in 28 U.S.C. § 2501 because Mr. Zein seeks damages relating to a breach of contract that allegedly took place in 1985. Mr. Zein contends that the statute of limitations should be tolled because fears for his safety prevented him from filing suit. He has cited the proceedings in the Southern District of New York as supporting his claim of equitable tolling. As demonstrated below, however, the criminal proceedings in New York do not support Mr. Zein's defense of equitable tolling.

First, the transcripts available from the Southern District of New York do not support the claims made by Mr. Zein regarding those proceedings. For example, Mr. Zein argues that he was found not guilty in the criminal proceeding, a claim clearly at odds with the transcripts from the criminal proceedings in 1988 and the transcript that Mr. Zein himself filed in this Court from a conference before Judge Sprizzo in 1997. Transcript of

February 11, 1988, at 24, 35 (Mr. Zein's conviction); Transcript of June 13, 1988, at 5 (Mr. Zein's sentencing); Transcript of September 16, 1997, at 4, 8 (Judge Sprizzo noting that Mr. Zein plead guilty and was sentenced to time served).

Furthermore, there is no evidence from the proceedings in New York to support Mr. Zein's claim that he could not have filed his claim against the United States in a timely fashion. As this Court is aware, Mr. Zein claims that he did not file timely in this Court because of fear for the safety of his family. Transcript of January 13, 2000 ("Jan. Tr.") at 40-42. However, Mr. Zein himself has admitted that concern over his family ended by 1991, and Mr. Zein made no mention of other safety issues at the hearing in January.[1] Id., at 42. Moreover, even if one concedes Mr. Zein's concerns about his personal safety, Mr. Zein has not demonstrated that he could not have proceeded with his action against the United States in a timely manner by filing his action under seal in exactly the same manner as he eventually proceeded with this action.[2] Indeed, during the period of the early and middle 1990's, Mr. Zein filed numerous pleadings under seal with the Southern District of New York and took steps to

---

[1] At the time of the hearing, Mr. Zein maintained that he did not want to file suit in the mid 1990's because he did not want to be part of a scandal. Jan. Tr. at 44-46.

[2] Indeed, when the Court inquired at the hearing in January why Mr. Zein could not have earlier filed the exact same complaint he eventually filed in this case, Mr. Zein responded that he did not want to be part of a scandal at that time. Jan. Tr. at 45-46.

contact various Government personnel and private individuals regarding the same events that are the subject of this lawsuit. Transcript of September 16, 1997 (hearing before Judge Sprizzo); see Appendix filed by Mr. Zein in May 1999, at 126-32 (letter of Mr. Zein to Judge Sprizzo, dated October 3, 1997), at 142-147 (documents relating to permitting a third party to discuss his case despite sealing order); at 73-78, 116, 120-22 (Mr. Zein's communication with private counsel).

Accordingly, as Mr. Zein's latest filings do not satisfy his burden of establishing equitable tolling of his case, the United States' motion to dismiss should be granted. Entines v. United States, 39 Fed. Cl. 673, 680 (1997), aff'd, 185 F.3d 881 (Fed. Cir. 1999), cert. denied, 119 S. Ct. 1766 (1999) (plaintiff bears the burden of clearly demonstrating that applicability of the fraudulent concealment exception to the statute of limitations) (citing Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 407-08 (1994)).

## II. Mr. Zein's Claims of Fraud Regarding His Criminal Case Are Irrelevant and Unsupported

Mr. Zein's claims of irregularities in his criminal proceedings in the Southern District of New York are irrelevant to his claim against the United States in this action and, in any case, are entirely unsupported by the evidence.

Mr. Zein has repeatedly complained to this Court regarding the events surrounding his criminal case in the Southern District

of New York. At various times, he has complained about each of the participants in his criminal case, including the presiding judge, the Assistant United States Attorney, and the court reporters, and he has alleged that there is some kind of conspiracy to alter or destroy the record in his criminal case. At no time, however, has Mr. Zein been able to establish that these allegations regarding his criminal case are in any way relevant to the action pending before this Court, which concerns only Mr. Zein's claim for breach of contract against the United States regarding an contract alleged formed in the mid 1980's.

Moreover, Mr. Zein's claims regarding the record in his criminal case are unfounded. At the request of the Court, undersigned counsel personally inspected the files from Mr. Zein's extradition and criminal case, proceedings which took place more than a decade ago and spanned over a year. As the files contained sealed material, they were located in a locked filing cabinet inside the United States Attorney's office for the Southern District of New York.[3] These files contained numerous

---

[3] Given that Mr. Zein's criminal case is more than 10 years old, undersigned counsel reviewed the litigation file contained within the United States Attorney's office rather than review the file maintained by the clerk's office, which appear to have been shipped offsite for storage. See Memorandum of Mr. Zein, dated February 10, 2000 (attachments include an order form to obtain documents from Mr. Zein's criminal case from the National Archives and Records Administration off-site storage). Undersigned counsel has been unable to locate any additional information regarding these criminal proceedings such as a list of the docket entries. In fact, the supervisor of public records in the clerk's office for the United States District Court for the Southern District of New York informed Government counsel that the dockets from cases before 1990, such as Mr. Zein's

transcripts from both 1997 and 1998 as well as numerous pleadings filed by the Government and counsel for Mr. Zein. Undersigned counsel has already filed with this Court any available transcripts from hearings occurring in 1988 in Mr. Zein's criminal case, including the transcript of Mr. Zein's guilty plea and his sentencing. While no transcript exists that addresses Mr. Zein's coercion defense, this is not surprising given that Mr. Zein plead guilty rather than to go trial.[4] In fact, in the transcript submitted by Mr. Zein from a 1997 hearing, Judge Sprizzo noted that, by pleading guilty, Mr. Zein chose to avoid public disclosure of information on his case as well as resolution of whether Mr. Zein would be able to obtain documents and information to support his defense. Transcript of September 16, 1997, at 5-6, 9-10.

As nothing to date has demonstrated that Mr. Zein's criminal proceedings are relevant to either Mr. Zein's claim or his claim of equitable tolling, the Government objects to Mr. Zein's continued practice of filing with this Court copies of filings he is submitting to Judge Sprizzo in the Southern District of New

---

criminal case, are not preserved on the clerk's office computer system.

[4] As Judge Sprizzo noted on several occasions, he considered Mr. Zein's guilty plea to be akin to a modified Alford plea. United States v. Garcia, 1987 WL 33593, *3, n.3 (December 21, 1987, S.D.N.Y.) (an Alford plea is one where a defendant, while asserting his innocence, pleas guilty for tactical reasons); Ryan v. United States, 2000 WL 628882 (May 9, 2000, D. Mass.) (an Alford plea is one where a defendant concedes a prosecutor could prove certain facts without conceding that those facts happened).

York. Mr. Zein recently filed such a document dated June 8, 2000. In this pleading, Mr. Zein maintains that there are stenographic tapes that were never transcribed contained within the file in his criminal case and alleges that this is part of the Government's fraudulent manipulation of the record of his criminal action. Mr. Zein's Letter to Judge Sprizzo, at 2 (dated June 8, 2000).

Once again, Mr. Zein has filed a pleading which is completely irrelevant to the contract action Mr. Zein has pending with this Court. Moreover, Mr. Zein's pleading of June 8, 2000 is completely unfounded. Mr. Zein bases his allegation regarding these stenographic tapes entirely upon statements allegedly made to him by undersigned counsel. However, Mr. Zein completely misunderstands or misrepresents those communications. At no time did unsigned counsel ever state that stenographic tapes existed in the files of Mr. Zein's criminal case. In fact, there are no such tapes in the file of his criminal case.[5]

Regrettably, it appears that every attempt by the Government to cooperate regarding reviewing documents from Mr. Zein's criminal case has resulted in Mr. Zein leveling unsubstantiated

---

[5] Unsigned counsel is at a loss to explain the basis for the statement made by Mr. Zein regarding stenographic tapes. The only statement made by undersigned counsel to Mr. Zein on an even remotely related topic was a statement that, as a general matter, often court proceedings such as hearings or status conferences are not transcribed if there is no need for such transcripts.

charges of fraud against the Government.[6] To make the record clear, the Government has made every attempt to comply with this Court's request to find any and all relevant transcripts from Mr. Zein's criminal case and have filed such transcripts with the Court. While undersigned counsel also located transcripts from Mr. Zein's criminal proceedings from 1987, this Court has instructed the Government not to file such transcripts. Moreover, as this Court is well aware, the United States Attorney's Office in the Southern District of New York has been completely cooperative by providing access to and copies of documents from Mr. Zein's criminal case.

CONCLUSION

For the reasons set forth above and in Defendant's Motion to Dismiss, defendant respectfully requests that this Court dismiss Mr. Zein's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

DAVID M. COHEN
Director

---

[6] As the Court is aware, Mr. Zein has alleged that the 1988 transcripts from his criminal case have been fraudulently altered by the Government.

KIRK T. MANHARDT
Assistant Director

SEAN H. LANE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

JUNE 22, 2000

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of June, 2000, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM REGARDING TRANSCRIPTS FROM HIS CRIMINAL PROCEEDINGS IN 1988" addressed as follows:

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, N.Y. 11209

Rosa M. Robinson

D

UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 99-244

TO: Judge Andewelt

FROM: Clerk's Office

The attached was received on 6-22-00 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ________________ [ Rule 83.2 ]

2. ____ Proof of service: [ Rule 5(e) ]
   ____ is missing; ____ is not signed or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record: ________________
   [ Rule 11 and 81(d) ]

4. ____ Does not comply with the provisions of Rule:

   ____ 7(b) re: brief, supporting memorandum, affidavits shall be attached to motion
   ____ 56(d) re: proposed findings or statement of genuine issues is missing
   ____ 56.1(b) re: statement of facts or counter-statement of facts is missing
   ____ 81(d)(1) re: one attorney for a party; attorney to be an individual, not a firm
   ____ 82(c) re: binding
   ____ 83 re: original / copies missing
   ____ 83.1(a)(1) re: table of contents
   ____ 83.1(a)(1)(G) re: index to appendix / exhibits is missing or in the wrong location
   ____ 83.1(b) re: length of briefs or memoranda

   ____ ________ re: ________________

5. ____ Original affidavit(s) is / are missing [ Rule 56(f), 83 and Appendix H ]

6. ____ Does not comply with General Order No. 32 re: judge's name on all filings

7. ✓ No provision in the Rules for the filing of this item

8. ____ ________________

Adelai
Initials of Deputy Clerk