ORIGINAL

FILED
AUG 0 3 2000
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

By Leave of The Judge

- - - - - - - - - - - - - - -X

Mustafa M. Zein
Plaintiff,

v.

The United States
Defendant.

- - - - - - - - - - - - - - -X

Civil Action No. 99-244C

(JUDGE ROGER B. ANDEWELT)

Date: July 4, 2000

Plaintiff's Reply to Defendant's Response to this Court's Request and Inquiry Demanding the Government's Counsel to Provide the Court with the Missing Transcripts of the 1988 Court Proceedings which were never found by the Government's Counsel.

1. This Court requested the missing transcripts of the New York Court Proceedings of 1988 with specific dates of days and months; but the Government's Counsel, after searching for more than two months, did not find any trace of them, whatsoever. The Government's Counsel did not also find any trace of the missing Court Proceeding of April 22, 1988, the Court hearing where the Government's case collapsed on its fraudulent deceit and criminality and was utterly destroyed in the case, U.S. v. Zein, No. 88 CR. 99 (JES) in the Southern District of New York. It was this actual fact which gave the

presiding Judge no opportunity whatsoever to render any judgment against the Defendant, who is the Plaintiff in this case. It was this actual fact which drove this government, the Defendant in this case, to fraudulently load the computer in the Clerk's Office with a fraudulently fabricated criminal record and dockets at fifteen minutes after midnight on February 7, 1991, three years after the last Court Proceeding. The very fact that these missing transcripts, requested by this Court and which could ***not be found*** by the Government's Counsel attests beyond any shadow of a doubt to the criminality of the Defendant which destroyed these very important and very relevant sealed transcripts of actual Court Proceedings to evade responsibility and accountability in a Court of Law. This very fact pertaining to the missing transcripts and falsifying Court Proceedings was the very cause which forced the Plaintiff in this case to recreate a truthful record in the same Court of Law with the same presiding Judge to preserve the truthfulness of the Court record which had been polluted by the heinous crime of forgery by the Defendant in this case.

2. This Court requested the Government's Counsel to provide a copy of the 1997 Court Dockets pertaining to documents filed in 1997 and the 1997 Court Proceeding. These are the very same documents which the Government's Counsel has assured this Court that they had been filed in the office of the Clerk in New York with a protective Court Order to file them Under Seal. This Court based its own Order to file them

Under Seal in Washington, D.C. on the same protective order which is supposed to be in existence in New York. The Government's Counsel could not locate the Order, the documents or anything that was ever filed in the office of the Clerk in New York, including the 1997 Dockets which attests to the filing of these documents.

The reason given by the Defendant is not the simplistic statement which states the following on page 5 and 6 in the footnotes of the Defendant's response:

> **"The Clerk's Office for the United States Southern District Court of New York informed Government Counsel that the Docket's before 1990, such as Mr. Zein's criminal case, are not preserved on the Clerk's office computer."**
>
> **-end of quotation**

This statement is an outrageous lie to deceive the Court because:

A) This Court did not request Dockets before 1990 which "are not preserved in the Clerk's office computer" but Dockets after 1990, sever years later in 1997.

B) The Dockets of 1988 Sealed Court Proceedings are still preserved on the Clerk's office computer system and Plaintiff had already provided both the Courts, in New York and Washington, D.C., with copies of them. These are the same fraudulent dockets with falsified information to fabricate a criminal record with a conviction that never was, to bury the Plaintiff, in this case, alive after the Defendant in this very

case failed to bury him dead in several attempts. The very clock of the computer in the office of the Clerk clocked the time at 12:15 a.m. on the 7th of February 1991, when the lawless elements in the Department of Justice loaded the computer with falsification and fraud. The lost dockets of 1997 attest to the fact that the new lawless elements in the Department of Justice have emulated their colleagues of 1988 and 1991 who removed all the documents filed with the office of the Clerk in 1997. It was the Plaintiff who discovered the theft on January 10, 2000. The same criminal behavior by the Defendant in this case is being displayed before the keen eyes of this Court in broad daylight with impunity, which violates the rule of laws and undermines the Constitution of the United States of America without even a whimper of protest from anyone in the present Department of Justice.

3. The Court demanded an explanation from the Government's Counsel for the lack of any Court Reporter's name on the cover of the transcript of the 1988 fraudulently doctored Court Proceedings. The Government's Counsel in response, declined to even address this issue because of the very issue of forgery and falsifying of the Sealed Court Proceedings done by rogue elements of the Department of Justice not only in 1988 and 1991, before the Statute of Limitations had run out, according to the Government's computation, but to the attempted forgery and actual theft of the 1997 Court Proceeding from the Clerk's office in New York by similar

elements in the Department of Justice.

If the 1988 Court Proceedings were honestly transcribed by the Court Reporter's office, which is under the jurisdiction of the Court, the name of each Court Reporter would have been printed on each cover, like the 1997 Court Proceeding which came out from the same Court. The lack of any such name or names attests to the fraudulent behavior of the Government, which falsified these Court Records ***outside*** the purview of the Court Reporter's office. The Government's Counsel could not provide this Court with the missing transcripts of the New York Court Proceedings, the Dockets of 1997 Court Records and neither any explanation for the lack of any reporter's name on the covers of the 1988 Court Proceedings. The Government's Counsel even contradicted himself in the very extreme, when he filed "Defendant's Unopposed Motion for Extension of Time," dated June 12, 2000, wherein he stated at the end of the first paragraph the following:

> **"Government Counsel has attempted to contact Plaintiff regarding this motion but was not successful in contacting Plaintiff."**

As a matter of fact, Plaintiff did speak with the Government's Counsel for forty-five minutes that very day giving Counsel his **non-opposition** which was put in the very title of the Defendant's response itself, as follows:

> **"Defendant's Unopposed Motion ------- etc."**

Maybe the disorientation or misunderstanding, in this

instance, is due to the fact of the argument between the Plaintiff and Defendant's Counsel pertaining to the statement given to Plaintiff by Government Counsel a week before, pertaining to the discovery of sealed but untranscribed Court Proceedings of 1987 found in the locked cabinet in "the U.S. Attorney's office in New York." Government's Counsel was trying to convince Plaintiff that he meant ***"untranscribed notes taken by Counsel."*** Plaintiff wishes not to make an issue of the new version and promised to inform this Court accordingly, which he actually did by phone.

After the Government Counsel's utter failure to fulfill this Court's requests which were required of the Defendant, the Defendant goes on a tangent attacking the relevancy of this Court's requests. Forgery, fraud and actual theft of sealed Court records by the Defendant may be "irrelevant" in the eyes of Government's Counsel but not in the eyes of this Court. Otherwise, the Court would not have requested the missing Court transcripts which are evidentiary material, the very absence of which attest to the fraudulent and criminal actions of the Defendant to obstruct justice in order to avoid responsibility and accountability in a Court of Law.

Plaintiff is his ardent quest to reveal the truth and only the truth, to both the Courts in New York and Washington, D.C. went beyond the requirement of ***"preponderance of the evidence"*** needed in this case. Plaintiff opened himself fully to

numerous possibilities of ***"citations of contempt"*** by the New York Court during the 1997 Court Proceeding where he had to recreate a genuine Court Record after the Government (the Department of Justice) polluted the case with fraudulent statements of the record.

Plaintiff's memorandum of February 10, 2000 was addressed to the Court in New York, and was actually filed in both Courts, and in which Plaintiff directly addressed the theft of Court Records from the Clerk's Office and the actual fraudulent attempt of the Government to falsify the minutes of the Court Proceeding again in 1997, as it did in 1988. Plaintiff described actual events and named names and witnesses of such a forgery, but the Court in New York, kept silent and the Government issued a very embarrassing letter which was not filed by the Government's Counsel in this Court. Plaintiff himself had to file the self-incriminating letter issued by the U.S. Attorney's Office in New York, which confirmed all of Plaintiff's direct accusations, not allegations introduced and filed by the Plaintiff in this case. That self-incriminating letter attests that the Government had supplied the Court in New York with everything Plaintiff had filed in the Court in Washington, D.C. pertaining ***"to the judicial threat of Contempt of Court"*** imposed on this Plaintiff in this case to keep his mouth shut on the issue of the so-called conviction which never was and never took place in reality. Thank heavens for the actual existence of the record of the 1997 Court Proceeding

which protected and still protects the Plaintiff in this case from the threat of ***"dire peril"*** of the Court in New York which the Government is now trying to incite but to no avail.

In summation, the only thing which is ***"irrelevant"*** is not this Court requesting the missing transcripts, as the Defendant states in its response, but what is most irrelevant is the Defendant's Motion to Dismiss and its irrational and deceptive arguments supporting such a motion.

I am truly grateful for this Court's diligent effort to seek the truth and this Court's very elegant and organized method of keeping its records straight and honest. I do hope and pray for a decision from this Court soon which could be instrumental in giving me closure to an injustice that has been going on for a long, long time.

Respectfully Submitted,

MUSTAFA M. ZEIN
[COR LD NTC] [PRO SE]
c/o R.W. Thabit
172-82nd Street
Brooklyn, NY 11209
(718) 748-6861

-CERTIFICATE OF SERVICE-

I hereby certify under the penalty of perjury that on this day of July 5th, 2000, I caused to be placed in the United States mail (first class) copies of Plaintiff's reply to Defendant's response to this Court requests demanding the Government Counsel to provide the Court the missing transcripts of the 1988 Court Proceedings which were never found, addressed as follows:

TO: Sean H. Lane, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice

Att: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel.: 202 307-62288

Signature: [signature]
Mustafa M. Zein

P

# UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 99-244

TO: Judge Andewelt

FROM: Clerk's Office

The attached was received on 7-10-00 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by ____________ [ Rule 83.2 ]

2. ____ Proof of service: [ Rule 5(e) ]
   ____ is missing; ____ is not signed or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record: ____________
   [ Rule 11 and 81(d) ]

4. ____ Does not comply with the provisions of Rule:

   ____ 7(b) re: brief, supporting memorandum, affidavits shall be attached to motion
   ____ 56(d) re: proposed findings or statement of genuine issues is missing
   ____ 56.1(b) re: statement of facts or counter-statement of facts is missing
   ____ 81(d)(1) re: one attorney for a party; attorney to be an individual, not a firm
   ____ 82(c) re: binding
   ____ 83 re: original / copies missing
   ____ 83.1(a)(1) re: table of contents
   ____ 83.1(a)(1)(G) re: index to appendix / exhibits is missing or in the wrong location
   ____ 83.1(b) re: length of briefs or memoranda

   ____ ________ re: ____________

5. ____ Original affidavit(s) is / are missing [ Rule 56(f), 83 and Appendix H ]

6. ____ Does not comply with General Order No. 32 re: judge's name on all filings

7. ✓ No provision in the Rules for the filing of this item

8. ____ ____________

Addi
Initials of Deputy Clerk