ORIGINAL

FILED
OCT 26 2000
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUSTAFA M. ZEIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-244C |
| | ) | (Judge Andewelt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to this Court's September 28, 2000 order, defendant submits the following status report.[1]

In the Court's September 28, 2000 order, the Court ruled that plaintiff's lawsuit was barred by the statute of limitations because it was filed well after the six-year limitation set forth in 28 U.S.C. § 2501. However, as recounted in the Court's order, the plaintiff filed a supplemental memorandum following oral argument upon defendant's motion to dismiss, and argued that the statute of limitations should be tolled. Plaintiff claimed that he could not file his lawsuit until 1998, because it was only at that time that he believed neither himself nor his family to be in danger from unnamed Government representatives.

This Court determined that it could not reach a decision upon this tolling issue because there was an insufficient

[1] In its order, the Court requested that the parties file a joint status report. However, after defendant's counsel and plaintiff entered into discussions, it became apparent that the parties do not agree upon future proceedings. Accordingly, each party is filing a separate status report to the Court.

evidentiary basis upon which to do so. Accordingly, the Court advised the parties to reach an agreement upon how best to proceed. The Court advised that "at a minimum" a deposition of plaintiff would be required.

However, defendant respectfully disagrees that any discovery in this case is necessary because, even if we assume, for the sake of argument only, that this Court could toll the six-year statute of limitations, plaintiff nonetheless does not possess a claim cognizable in this Court. As defendant's previous counsel stated in footnote 2 of defendant's motion to dismiss, in the event the Court denied that motion, defendant intended to file a second motion to dismiss based upon the Supreme Court's decision in Totten v. United States, 92 U.S. 105 (1875).

Defendant's counsel believes that the Totten case, which holds that a party may not sue the United States based upon a contract for secret services, is directly relevant to this case. Defendant further contends that an analysis of Totten and its progeny as applied to the contentions made by plaintiff in his complaint, would result in a dismissal of plaintiff's case. Consequently, even if this Court were to find that the statute of limitations could be tolled, plaintiff nonetheless does not have a cognizable claim in this Court. Accordingly, defendant respectfully requests that this Court allow defendant to file a motion to dismiss, pursuant to Totten, within the next 30 days.

Further, with respect to this Court's inquiry as to whether

the materials in this case that are currently under seal should remain that way, plaintiff has indicated that he wishes to keep the materials under seal. Defendant concurs with plaintiff's assessment.

Accordingly, defendant respectfully requests that this Court permit it to file a motion to dismiss, pursuant to the Totten case, within the next 30 days.

Respectfully submitted,

DAVID W. OGDEN
Assistant Attorney General

DAVID M. COHEN
Director

DONALD E. KINNER
Assistant Director

LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

Tele: (202) 307-6288

Attorneys for Defendant

OCTOBER 26 2000

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of OCTOBER, 2000, I caused to be placed in the United States mail (first class mail, postage prepaid), copies of "DEFENDANT'S STATUS REPORT," addressed as follows:

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, NY 11209

Leslie Anderson