ORIGINAL

FILED UNDER SEAL

**FILED UNDER SEAL**

FILED
DEC 26 2001
U.S. COURT OF FEDERAL CLAIMS

by leave of the Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUSTAFA M. ZEIN, Plaintiff, | ) | |
| v. | ) | No. 99-244C (Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S NOVEMBER 20, 2001 AFFIDAVIT

Pursuant to this Court's October 29, 2001 order, defendant submits its response to plaintiff's November 20, 2001 affidavit.[1] Mr. Zein's affidavit does not support his contention either that, the statute of limitations should be tolled to allow the filing of his lawsuit, or that the Totten doctrine should not apply to his case. Accordingly, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court dismiss plaintiff's complaint for lack of jurisdiction.

I. Mr. Zein's Case Is Barred By The Statute of Limitations

The facts of this case are well-known to this Court and defendant will not repeat them. In his affidavit, Mr. Zein argues that the six-year statute of limitations should be equitably tolled in his case because, as he explained:

---

[1] In accordance with the Court's order, we are filing our response three weeks after receipt of Mr. Zein's affidavit. We received the affidavit on November 30, 2001.

> Plaintiff's life and the lives of his family in Lebanon were at risk if plaintiff attempted to really defend himself in the case against him in court in New York, or if he would have filed a case against the defendant in Washington, D.C. before he actually filed in the instant case.

Pl. Aff. at 14. Mr. Zein seems to suggest that the Government threatened his life in some way; however, he has not come forward with any evidence to establish this.

The alleged contract breach occurred, most likely, in 1985.[2] It is undisputed that Mr. Zein knew about the breach at the time it occurred. Accordingly, pursuant to 28 U.S.C. §2501, Mr. Zein had until 1993 at the very latest to file his complaint in this Court. Yet, other than vague references to "pro-American thugs" threatening his life through a robbery of his brother in Lebanon, Mr. Zein offers no plausible explanation why he was unable to file a complaint.[3] Mr. Zein also offers no explanation why he was able to file a lawsuit in 1999. The "pro-American" thugs that Mr. Zein discusses are apparently now living in the United States. In fact, he admits that in 1994 he made the determination to "seek justice without worrying about my family

---

[2] Mr. Zein appears to allege that the breach took place sometime after he entered into his agreement with the United States in 1985 but before his incarceration. Compl. ¶¶ 10, 18-20. Mr. Zein was incarcerated in early 1986. Pl. App. to Compl. at 133; Compl. ¶¶ 18-20. See generally Court's September 28, 2000 Order.

[3] Moreover, some of the events described by Mr. Zein seem to have taken place before the alleged contract was entered into.

in Lebanon." Pl. Aff. at 34. Of course, Mr. Zein did not seek justice in this Court for another five years after that date.

Mr. Zein's assertions are unavailing. The Court has procedures that enable parties to file lawsuits when they do not want the public to know about either the lawsuit itself or the parties involved. Mr. Zein could have filed a complaint under seal (which he eventually did do) at any time - therefore protecting himself and his allegations from public scrutiny. Mr. Zein could have additionally filed his lawsuit under an assumed name, i.e. "John Doe," to protect himself. Mr. Zein, however, did no such thing. Instead, he waited approximately 13 years to file his suit. As a result, his suit is barred by the statute of limitations.

As we set forth in our first motion to dismiss, the purpose of the statute of limitations is well-established in the law: it bars stale claims, protects defendants from the disadvantages of lost records and witnesses, poor memories, and provides finality to disputes. United States v. Kubrick, 444 U.S. 111, 123 (1979).

The statute of limitations for claims before the Court of Federal Claims is six years. 28 U.S.C. § 2501; Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd,104 F.3d 376 (1996). Thus, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first

accrues." 28 U.S.C. § 2501. The six year statute of limitation is jurisdictional, "leaving the court without the power to entertain a claim filed beyond that time." Christina Investment Corp. v. United States, 40 Fed. Cl. 571, 576, appeal dismissed, 155 F.3d 570 (1998); see Bowen v. City of New York, 476 U.S. 467, 479 (1986); Bath Iron Works Corp. v. United States, 20 F.3d 567, 1572 n.2 (Fed. Cir. 1994).

Mr. Zein claims that the statute of limitations in his case should be equitably tolled because he feared for his life. There is, however, no such exception in the law. Moreover, the facts in this case provide no reason for the equitable tolling of the statute of limitations. Although frequently invoked by plaintiffs, equitable tolling has only rarely been successfully invoked against the United States. See, e.g., United States v. Beggerly, 118 S. Ct. 1862, 1868 (1998); United States v. Brockamp, 519 U.S. 347, 349-54 (1997); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995).

Equitable tolling may be appropriate in two narrow instances: 1) where the Government deliberately concealed the alleged wrongful acts; or 2) where the facts underlying the claims were inherently unknowable. Sette v. United States, 42 Fed. Cl. 37, 39 (1998) (with respect to section 2501, "equitable tolling means no more than that the more traditional concepts of

fraudulent concealment and inherent unknowability will be applied"); Entines v. United States, 39 Fed. Cl. 673, 679-680 (1997), aff'd, - F.3d --, 1999 WL 133052 (Fed. Cir.), cert. denied, 119 S. Ct. 1766 (1999); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Japanese War Notes Claimants Assoc. of the Phillippines, Inc. v. United States, 373 F.2d 356, 359 (Ct. Cl.), cert. denied, 389 U.S. 971 (1967).

"[B]ecause tolling is a judicially created exception to the statute of limitations, the plaintiff bears the burden of clearly demonstrating that either the 'government concealment' or 'inherently unknowable' exception is applicable." Entines, 39 Fed. Cl. at 680 (citing Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 407-08 (1994)). "These two required showings are not easily made . . . . " Udvari v. United States, 28 Fed. Cl. 137, 140 (1993).

Mr. Zein has not made a showing that the Government fraudulently concealed its alleged failure to honor its alleged obligation to pay the specified sum to the radical Palestinian organization. Indeed, it is the Government's alleged failure to pay these monies that Mr. Zein contends resulted in his being held personally accountable for this sum. Absent concealment of the Government's failure to pay these monies, equitable tolling is not appropriate under the first exception. Sette, 42 Fed. Cl. at 39; Entines, 39 Fed. Cl. at 679-680.

Second, Mr. Zein cannot avail himself of the "inherently unknowable" exception because he cannot show, and indeed does not suggest, that he was incapable of discovering the existence of his claim until a later date. Entines v. United States, 39 Fed. Cl. at 680-81. Accordingly, Mr. Zein has not established any basis for this Court to toll the statute of limitations and his complaint should be dismissed.

II. Even If The Statute of Limitations Could Be Tolled, This Court Does Not Possess Jurisdiction To Entertain Mr. Zein's Lawsuit Because It Is Based Upon An Alleged Contract For Secret Services

Even if this Court were to find that it could toll the six-year statute of limitations in Mr. Zein's case, Mr. Zein nonetheless does not possess a claim cognizable in this Court. Mr. Zein's allegations clearly fall within the parameters of the doctrine espoused by the United States Supreme Court in Totten v. United States, 92 U.S. 105 (1875). In Totten, the Supreme Court concluded that courts did not possess jurisdiction to consider alleged claims for secret services:

> The service stipulated by the contract was a secret service; the information sought was to be obtained clandestinely, and was to be communicated privately; the employment and the service were to be equally concealed. Both employer and agent must have understood that the lips of the other were to be forever sealed respecting the relation of either to the matter . . . If upon contracts of such a nature an action against the government could be maintained in the Court of Claims, whenever an agent should deem himself entitled to greater or different compensation

> than that awarded to him, the while service in any case, and the manner of its discharge, with the details of dealings with individuals and officers, might be exposed, to the serious detriment of the public.

Id. at 106-07. In the case of Guong v. United States, 860 F.2d 1063 (Fed. Cir. 1988), cert. denied 490 U.S. 1023 (1989), the United States Court of Appeals for the Federal Circuit stated that, "it cannot be doubted that Totten stands for the proposition that no action can be brought to enforce an alleged contract with the government when, at the time of its creation, the contract was secret or covert." Id. at 1065 (emphasis added).

To avoid the application of this doctrine, Mr. Zein maintains that his contract was not one for secret services. However, whether a contract is "secret" does not turn upon subjective criteria, and should be obvious upon its face. Here, by any objective measure, it is clear that, if a contract actually existed between the Government and Mr. Zein, it was clandestine. In Simrick v. United States, 224 Ct. Cl. 724 (1980), the plaintiff claimed that Totten did not apply because he was not a spy but, rather, an administrative employee of the CIA. The Court of Claims rejected Mr. Simrick's argument and applied the Totten doctrine. The Court stated that, "according to plaintiff he was to engage significantly in undercover intelligence work for the Government; his alleged dealings seem

to have been oral and very probably with CIA operatives not otherwise known to the public." Id. at 726-27 (Emphasis added). These factors are also present in Mr. Zein's case.

In fact, Mr. Zein's only real "evidence" that his alleged contract was not covert is his assertion that the individuals who were involved in the contract were aware of the contract. Of course, if the Government did have a contract with Mr. Zein, all the parties who were involved in it would have to know about it. This does not, however, transform a covert contract into an overt contract. The events that allegedly occurred here, as explained by Mr. Zein, are the clearest evidence that, if a contract existed at all, it was not overt. Most particularly, as Mr. McNair attested, the CIA does not enter into any non-covert agreements with source individuals. Decl. ¶ 17. Accordingly, Mr. Zein's contentions that his alleged contract with the CIA was not "secret" simply cannot be true.[4]

In addition, there is a contradiction between Mr. Zein's statements to this Court that he could not file his lawsuit in this Court until well after the statute of limitations had run because he feared for his life, and his contention that his

---

[4] Although Mr. Zein has argued that his alleged contract was not with the CIA, the facts as he describes them reveal that he dealt almost exclusively with CIA personnel. Additionally, the CIA is the only agency of the Government charged with entering into the type of contract Mr. Zein alleges he entered into.

contract was not a secret. If Mr. Zein's alleged relationship with the United States was not a secret; i.e. if Mr. Zein's claimed relationship with the Government was public from the start, then why would Mr. Zein have feared for his life?

It is clear that the doctrine adopted by the Supreme Court in Totten, and followed by the Federal Circuit in Guong, is applicable to Mr. Zein's case. There can be no doubt that, based upon the facts alleged by Mr. Zein himself, the alleged contract involved in Mr. Zein's case was secret at the time of its creation, and that, by its very nature, it was intended to be kept secret. Consequently, Totten acts to bar Mr. Zein from bringing suit upon that covert contract.

Accordingly, because Mr. Zein's suit was filed well beyond the statute of limitations and because, even if the statute could be tolled, Mr. Zein's suit is not cognizable in this Court pursuant to Totten, defendant respectfully requests that this Court dismiss Mr. Zein's complaint.

Respectfully submitted,

ROBERT D. MCCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

Donald E. Kinner

DONALD E. KINNER
Assistant Director

LISA B. DONIS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

Tele: (202) 307-6288

Attorneys for Defendant

DECEMBER 20, 2001

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of DECEMBER, 2001, I caused to be placed in the United States mail (first class mail, postage prepaid), copies of "DEFENDANT'S STATUS REPORT," addressed as follows:

MUSTAFA ZEIN
c/o Robert W. Thabit
172 - 82nd Street
Brooklyn, NY 11209

Regina S. Lew

D

UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 99-244

TO: Judge Bruggink

FROM: Clerk's Office

The attached was received on 12-21-01 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by __________ [ Rule 83.2 ]

2. ____ Proof of service: [ Rule 5(e) ]
 ____ is missing; ____ is not signed or dated;
 ____ shows service on wrong attorney or of wrong item;
 ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record: __________
 [ Rule 11 and 81(d) ]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 7(b) | re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 56(d) | re: proposed findings or statement of genuine issues is missing |
| ____ | 56.1(b) | re: statement of facts or counter-statement of facts is missing |
| ____ | 82(c) | re: binding |
| ____ | 83 | re: original / copies missing |
| ____ | 83.1(a)(1) | re: table of contents |
| ____ | 83.1(a)(1)(G) | re: index to appendix / exhibits is missing or in the wrong location |
| ____ | 83.1(b) | re: length of briefs or memoranda |
| ____ | __________ | __________ |
| | | __________ |

5. ____ Original affidavit(s) is / are missing [ Rule 56(f), 83 and Appendix H ]

6. ____ Does not comply with General Order No. 32 re: judge's name on all filings

7. ✓ No provision in the Rules for the filing of this item

8. ____ __________

Adl

Initials of Deputy Clerk