ORIGINAL

**_In the United States Court of Federal Claims_**

FILED
JAN 1 8 2002
U.S. COURT OF FEDERAL CLAIMS

By leave of the Judge

- - - - - - - - - - - - - - x

MUSTAFA M. ZEIN
Plaintiff,

- v -

THE UNITED STATES
Defendant

- - - - - - - - - - - - - - x

**Civil Action No. 99-0244-C**

**(JUDGE ERIC B. BRUGGINK)**

**Date: January 14, 2002**

PLAINTIFF'S RESPONSE TO DEFENDANT'S NONRESPONSE RECEIVED DECEMBER 27, 2001 TO PLAINTIFF'S AFFIDAVIT, DATED NOVEMBER 20, 2001.

---

In lieu of Defendant's default by refusing to conduct and participate in any deposition, whatsoever, to establish facts, under oath; thus defying two court orders, plaintiff was ordered to file an affidavit. The same court order issued by this honorable court ordered defendant to rebut plaintiff's affidavit, likewise, to justify defendant's motion to dismiss.

Defendant again defaulted by filing a brief not under oath and not under penalty of perjury without rebutting a single fact contained in plaintiff's affidavit, whatsoever. Defendant's response is a non response to both the court order and the affidavit at the same time. A non response is a non compliance and a non

compliance is a default added to the following defaults committed by defendant in this case, Zein vs. the United States, No. 99-244C.

1. This honorable court discovered on its own that part of the court proceedings in the case, The United States vs. Zein, No. 88 CR 99 (JES), was missing. The court ordered defendant to provide the missing court proceedings including the court hearing of April 21, 1988. Defendant defaulted and reported its failure to this honorable court.

2. Defendant assured (in writing) this honorable court that documents contained in the appendix of this instant case which were previously filed in 1997 in the Southern District Court of New York were intact and were covered by the District Court orders to be maintained under seal. Based on this defendant's written assurance, this honorable court issued orders to seal the appendix and all related information and documents to be filed under seal in this instant case, Zein vs. the United States.

3. Plaintiff in January 2000 discovered the theft of the entire 1997 court record and proceedings from the Office of the Clerk of the Southern District Court of New York.

I reported in writing the theft to both courts in New York and Washington at the same time. This honorable court in Washington, DC immediately ordered defendant to provide the court with the dockets of the stolen documents filed under

seal. It was vital for this court to have the dockets which should show the filing evidence of court orders issued by the District Court of New York, ordering the documents in the appendix in this case to be kept under seal, which made the orders of this court in this case possible and legal to seal the record.

Without the court orders issued in New York to seal the documents contained in the appendix in this case, this court orders to seal the appendix and all related documents including plaintiff's affidavit cannot be maintained and kept under seal in this case. Defendant again defaulted and could not provide this honorable court with the dockets of the court records filed in 1997 because the entire 1997 record was stolen from the clerk's office by the defendant, resulting in the utter destruction of their dockets also.

The criminal conduct committed by defendant has, in effect, rendered all the orders issued by this court in this case, Zein vs. United States, to seal any part of the court record, to be null and void, without any legal foundation whatsoever. But the saddest fact of all is that there was never ever any single court order issued by the Southern District Court of New York to seal the 1997 court records filed in the Office of the Clerk, period. No court order to seal the 1997 court record was ever found in the U.S. Attorney's office or in the court and none was ever sent to me in spite of my repeated requests. The fact is that there was no need to issue orders, any order, to seal the 1997 record and court proceedings, which were destined to be

stolen with their dockets, and completely erased from the Office of the Clerk of the Southern District Court of New York.

Mr. Sean Lane, the former attorney for defendant, decided to travel to New York City and find the truth for himself and report to this court. In spite of his diligent search, he could not find the missing court records and proceedings requested by the court, which are in fact related to this case. The entire 1997 court record and proceedings with their dockets were nowhere to be found in the Office of the Clerk, including the 1988 missing records. The very same court records which Mr. Lane had assured this court were preserved, intact and covered by orders to be under seal, had completely vanished from existence.

Mr. Lane, nevertheless, did not return with empty hands. He jubilantly reported to this court an astonishing discovery -- the 1986 and 1987 court records and proceedings. Unknown to Mr. Lane, these 1986 and 1987 court records and proceedings were actually stolen from the Office of the Clerk, with their dockets erased in the same manner as the stolen court records of 1997. Mr. Lane could not locate the stolen records of 1997, but astonishingly found the stolen records of 1986 and 1987. Mr. Lane asked for extra time to transcribe some of the 1987 court proceedings, but this court only wanted the missing proceedings of 1988.

Mr. Lane found the stolen court records 1986 and 1987 and their untranscribed court proceedings NOT in the custody of the Office of the Clerk of

the Southern District Court of New York, but in the U.S. Attorney's office of the same district. These stolen records and proceedings were found by Mr. Lane, hidden in the office of the U.S. Assistant Attorney for the Southern District of New York, Mr. Patrick Fitzgerald, who was also the Chief of the Office of Anti-terrorism at the same time. Court proceedings that had never been transcribed and were filed under seal were stolen and hidden in the prosecutor's office, the very office that actually lost the case in 1988. This discovery clearly shows how the missing court proceedings of 1988 were stolen and by whom and how the remaining proceedings were falsified to reverse a verdict of innocence into a guilty one in U.S. vs. Zein. Original proceedings without any copy anywhere were falsified outside of the reporter's office and out of the court's custody. This court has verified this fact with the help of the attorney for defendant in this case. Plaintiff in this case had already reported in writing to both courts before Mr. Lane's astonishing discovery that Mr. Fitzgerald, who had been transferred to Washington, DC and his office recently disbanded, was the very culprit who stole the entire 1997 court records and proceedings, whose dockets were requested by this court but never found. Mr. Lane's discovery nailed Mr. Fitzgerald to the crime without any shadow of a doubt. Plaintiff asked in writing the Department of Justice to investigate this crime, discovered by one of its attorneys but to no avail.

Soon after his astonishing discovery, Mr. Lane was replaced. As a result of

this experience, this court ordered depositions to be held, which defendant absolutely refused to do. A status conference was requested by defendant and this court convened it in April 2001. During this status conference, this honorable court absolutely refused to accept all defendant's arguments for not holding a deposition to determine the truth of defendant's motions under oath. In lieu of defendant's absolute refusal, this honorable court ordered plaintiff to be deposed in the form of an affidavit whose facts were never denied, refuted or rebutted by defendant.

The attorney for the defendant and this honorable court have caught defendant "red handed," stealing and falsifying court records and proceedings pertaining to this case, to obstruct justice and avoid accountability in a court of law. And when defendant was caught by this court hiding facts pertaining to this case (by theft and forgery) and was asked to link facts to the laws, defendant resorted to silence claiming national security was at stake, which prevented defendant from divulging these facts in a court of law, in camera and under seal!

This false claim of invoking silence to protect national security has been debunked by defendant on many occasions pertaining to facts related to this case and requested by this court to be delivered under oath by two court orders.

The following examples are the proof:

A) Defendant in this case already testified in a court of law about the same related facts supporting plaintiff's claims in this case, but refused to do the same in

this court.

B) Plaintiff provided an exact quotation, under oath to this court, of the defendant's actual testimony confirming in a court of law plaintiff's claims in this case. In addition to this defendant's testimony in a court of law, plaintiff provided this court with a CIA official document which absolutely ruled out the fundamental foundation of Totten, where the fact of an employer and agent must be present for Totten to prevail, but does not exist in this case. Plaintiff advised the court of former agents for defendant who are able to testify to the fact that the contract in this case was not with the CIA, as falsely being presented to this court by defense without establishing a single factual evidence in the process and in spite of the repeated denials of plaintiff under oath and in all his briefs to this court.

In spite of the declaration which was declared under the penalty of perjury by Mr. McNair in which he absolutely refused "to confirm or deny" the very existence of any relation between defendant and plaintiff in this case, all the defendant's briefs to this court constantly and falsely keep repeating lies, stating that the contract was secret and was with the CIA. This very false contention that the contract in this case was with the CIA is an absolute impossibility when the facts are considered and viewed. The CIA can not by law contract a contract of the amount in this case without a presidential finding and a budget allocated by the Oversight Committee, period. These two facts pertaining to the contract in this case

do not exist and never existed. There was never a presidential finding, never a budget covering the contract which the Oversight Committee allocated, period. A CIA contract of this size could have never existed without a finding and a budget. Defendant's contention, which Totten is based upon, is an absolute impossibility by the law of this land and is an outrageous lie in order to falsely invoke Totten. This honorable court can validate these actual facts which govern every "secret contract" and their corresponding laws and statutes which every secret contract has to follow. I was prevented from calling eye witnesses from defendant's side to testify, under oath, that the contract was never ever a "secret contract" between plaintiff and the CIA, but an overt contract between plaintiff and the White House. The defendant in this case refused to participate in such a deposition, in spite of the fact that this court had ordered it to find the truth. Defendants noncompliance with this court order was to prevent the truth from reaching this court, which is not only a default, but an obstruction of justice at the same time.

C) Defendant also provided facts pertaining to this case to news media and to two bestseller books. Mr. Jeffrey Smith's interviews with the New York Times are part of the appendix in this case. Mr. Smith, the former General Counsel for the CIA, was justifying the diplomatic role and the extra dimensional activities of the CIA as "a continuation of past activities," which confirms plaintiff's claims in this case in spite of Mr. McNair's denial, under penalty of perjury, to such an

extra dimensional role.

Agents for defendants and plaintiff himself gave interviews in a TV documentary by the BBC called: "An Eye For An Eye, States Of Terror," which actually aired in England on 24/11/93. Both plaintiff and defendant in this program discussed facts related to this case and the extra dimensional role of the CIA in the Middle East, which practically replaced the Department of State, and the views of both plaintiff and defendant were in agreement. A copy can be made available to this court on request.

Certain facts in this case are being used to make films. A film has been recently released and became a box office hit. "Spy Games," starring Robert Redford and Brad Pitt, portrayed the twisted, fictional version of the bomb that meant to kill me in Beirut during my trips to save the American hostages. Every time I embarked on a trip to Beirut in those days, I never knew if I would ever come back alive, so help me God. My character in this film "Spy Games" was played by a physician, a "good doctor." The film shows the great devastation and the loss of life caused by the bomb and shows that the U.S. Government financed and ordered "the Christian Militia" to set it off. By the way, the "good doctor" was also betrayed by the U.S. Government in this film and was killed by the bomb. It was indeed an eerie feeling and a very weird experience to observe one's self being blown away on the big screen, literally a few hours after mailing the affidavit to this

court.

Defendant discussing facts related to this case for the whole world to see and hear but not in this court because national security is at stake is not only an obstruction of justice, but the apex of absurdity at the same time.

D) Defendants debunked its own claim of protecting national security pertaining to the facts in this case by defendant's statements to this court pertaining to the sealing of the record by saying: "Defendant neither supports or opposes" the sealing of the record in this case; thus clearly indicating that national security is not involved in this case. If national security was really at stake in this case, defendant would have been first with motions to seal every word spoken in court in this case, which is not what happened at all in this instant. There was no need in 1999 for any secrecy to keep the record in this case under seal, according to defendant's statements to this court. Plaintiff's motions to seal the records, as explained in the motions themselves, were to relieve defendant, not plaintiff. The U.S. Government requested in 1997 the Southern District Court of New York to order me to file any document under seal in any court of law in this land. What has changed since then which made defendant change its mind and attitude twice from uncaring to caring again to keep the facts secret, not even to be divulged in camera, under seal, in this honorable court? Plaintiff can reveal but defendant will keep facts to itself. Neither denying nor rebutting a single fact advanced by plaintiff is a strategy of impotence

to avoid self incrimination.

Sealing the record in New York in 1988 was actually done to keep Congress and the Special Counsel investigating the "Iran-Contra scandal" from knowing facts which would have sent scores of government officials to jail.

Plaintiff in this case, Zein vs. United States, was actually prevented from acquiring copies of the 1988 court proceedings filed in this court by defendant, under seal. Plaintiff, who is litigating this case Pro Se, which means that he is a plaintiff and an officer of this court at the same time, was prevented from acquiring a copy of his own 1988 court proceedings, filed by defendant in this very court for reasons of "national security." The attorney for plaintiff could not obtain a copy of court proceedings belonging to U.S. vs. Zein to answer defendant in this case, Zein vs. U.S., which is in fact an absolute absurdity; but nevertheless, it happened, and was directly witnessed by this court in this case. The reason for such absurdity was to prevent plaintiff from acquiring incriminating material evidence, showing the actual theft and forgery committed by the defendant in this case. Theft and forgery were committed in an intentional manner by defendant, to hide facts and obstruct justice. The defendant in this case criminally changed a declaration of innocence (declared by a Judge, in camera, in a court of law in New York in 1988) into a guilty verdict, with false criminal dockets fed to the computer fifteen minutes after midnight, three years after the case U.S. vs. Zein had ended, as this court record

shows.

Plaintiff had to correct the court records in a court of law and in front of the same judge and presented the undeniable evidence to be filed in both courts in New York City and Washington, DC. The entire 1997 court records were stolen and erased in the Southern District Court of New York. Thank God this very court witnessed and confirmed the actual theft of the entire 1997 court proceedings and records from the Office of the Clerk in New York. Thank God the diligent search conducted by defendant's former attorney nailed the actual thieves who happened to be the enforcers of the law in this land, the Department of Justice, which is defending the defendant. This criminal act buried for good defendant's claim of silence to protect "national security," which in fact is protecting defendant from incriminating itself in a court of law, which means that defendant is taking the Fifth Amendment.

Keeping the court records under seal in this court in 1999 was not in the partisan interest of the defendant, which brought forth defendant's infamous statement of: "neither supports or opposes" the sealing of this court record. The defendant had every intention to make the record of this case public for all the world to see, but this court's ultimatum forced the defendant to change its mind after plaintiff withdrew the motions to seal the record.

Now with a new administration, these same facts that should have benefited

the previous one might not benefit this one, in the opinion of some opportunistic bureaucrats involved in this case. It is always politics, not national security, which drives the government's bureaucrats to work hard collecting brownie points, in order to advance their careers by all means possible. And using this case to advance their self serving agenda is no problem whatsoever for them. They actually went on a spree to kill, maim, steal and falsify court records to prevent plaintiff from having his day in a court of law. Unchecked power corrupts people, making them lose their conscience.

Finally the only factor associated with this case that really will greatly harm national security is the defense strategy that secret contracts with any organ or agency of the Government of the United States is unenforcible, null and void, whenever the U.S. Government desires to break its agreed commitments. This case, as proved, does not contain any "secret contract" whatsoever, but if this defense strategy becomes widely known around the world in these particular days, no one who has the mind of an idiot will ever deal or cooperate with the United States Government in its struggle against terrorism, period. And that is a national security disaster in the making, to say the least.

This honorable court is in a democratic country whose constitution dictates, in the very absolute, without a single exception, that laws can only be applied to relevant facts provided by evidence, under oath, in any case being litigated. The

defendant has absolutely defaulted on this basic principle by failing not only to connect relevant facts pertaining to this instant case to the laws which defendant is invoking, but even failed to mention a single fact pertaining to this instant case period. Plaintiff in compliance with two court orders, which defendant defied, has connected facts with laws invoked by defendant's motions. Plaintiff employed evidence, facts, derived from defendant's sources, proving beyond any shadow of a doubt that the facts in this case do not correspond to facts in cases quoted by defendant where Totten was applicable. Defendant never was able to refute or challenge these facts, under oath, without committing perjury, because these facts belonged to defendant, but confirms plaintiff's claims at the same time.

This contention advocated by defendant in order to prevail in this case by not connecting relevant facts to laws being invoked is an illegal travesty and a legal impossibility, which can not and will not prevail in any court in the whole world. The defendants response to plaintiff's affidavit starts with the following statement:

**"The facts of this case are well known to this court and defendant will not repeat them."**

First, defendant never agreed to share defendant's version of facts related to this case with this court. Therefore "to repeat them" is a false statement, but repeating the laws advocated by defendant without facts related to this case is defendant's way to camouflage defendant's default, which is obvious in the factless

response to plaintiff's affidavit.

Advocates usually use an old ploy when stuck with facts which cannot be denied and which incriminate their clients. They separate the laws from facts and only argue the laws, creating a smoke screen to hide their impotence. They only quote the facts of other cases where the laws were applicable. The defense in this case is using the same gimmicks with a twist; the false claim that national security is at stake by keeping facts hidden. Unfortunately for defense, the defendant in this case has debunked and exposed this gimmick by defendant's testimonies which were not silent, but were loud and clear in a court of law, books, TV documentary and in the news media for all the world to hear and see. Plaintiff, unlike defendant, completely complied with every court order issued by this court. Plaintiff, unlike defendant, argued facts and laws with evidence derived from defendant's side confirming plaintiff's claims. Plaintiff unlike defendant, went through the gauntlet of testimony, under oath, when defendant absolutely refused to comply with court orders to hold depositions to question plaintiff under oath.

Defendant's motion to dismiss are factless and laws invoked in factless motions are null and void.

Defendant's motions are built on assumptions and were refused to be tested under oath because these false assumptions never ever happened, so help me God. Totten was blown away in this case by facts derived from the defendant's side:

1. There was never an agreement between defendant and plaintiff to keep the contract secret and defendant refused to test this fact in questioning plaintiff or rebutting plaintiff's facts.

2. There was never any relation between defendant and plaintiff in the manner of employer/agent which is essential in Totten, as proved by defendant's testimony in a court of law.

3. The amount of the contract exceeded CIA's ability without a presidential finding and a budget allocated by the Oversight Committee, and there were never a finding or a budget in this case.

4. Plaintiff was willing to present live direct witnesses to testify to the above, under oath, that these claims are factual and true; but defendant refused to participate.

The Statute of Limitations is based on the essential fact that plaintiffs in a democratic and free country are free to file on time, without threats against their lives or the lives of their families. This absolute fact, taken for granted in the Statute of Limitations, does not exist in this case because the enforcer of this law is the defendant in this case and is the culprit who actually threatened plaintiff and actually carried some of the threats to prevent plaintiff from filing this case on time. This fact delivered, under oath, and never ever denied, challenged or rebutted by defendant, has rendered the Statute of Limitations to be null and void in this case.

Defendant refused to face plaintiff's actual evidence, pertaining to defendant's actual acts, to prevent plaintiff from filing on time, in a deposition ordered by this court.

This honorable court became a direct witness to theft and forgery committed by defendant to obstruct justice in this case. The defendant not only broke an overt contract with plaintiff, but also broke an overt contract with the American people when defendant swore to protect the public, enforce the law and defend justice and all who seek justice in this land, and did not fulfill its promise in this case.

Filing on time, under seal, as defendant's response stated, could not have protected plaintiff because the assault against plaintiff was coming directly from the defendant in this case. Using brute force by employing hired killers to force plaintiff to miss filing on time for fear of endangering his family is a criminal act committed by defendant, which can not be rewarded in a court of law anywhere in the world, if the justice system involved has any respect for itself and the law.

If plaintiff was actually free to file on time, and the Statute of Limitations should be invoked in this case, then why was defendant afraid to face plaintiff on the stand, under oath, as this court has ordered?

The answer is really very simple, because after defendant was defanged and became without power to harm plaintiff any more, defendant ran for cover, hiding behind the false claim of national security. It took time to render defendant in this

case powerless and plaintiff gave everything needed to accomplish this fact which was explained in detail in this court record. Information backed by undeniable evidence was the power that neutralized the criminal activities of defendant and it took time to accomplish. The truth is the most deadly weapon in this case, which has forced defendant to be absolutely silent in a court of law.

## - SUMMATION -

Equal justice is the cornerstone and the very foundation of the justice system of the United States of America. Both plaintiffs and defendants are equal under the law and should perform in equal manner under the same law. Plaintiff accepted and performed according to the court orders, under oath; defendant did not. Defendant's silence on facts (in spite of defendant's inability to deny, refute and rebut plaintiff's facts without committing perjury) is in fact that defendant is taking the Fifth Amendment not to incriminate itself. It is wiser to default on the issue of a breach of contract than facing facts, under oath, of criminal offenses that will land defendants in a criminal court.

Equal justice has been violated in this case by defendant's refusal to perform equally as plaintiff, under the same law and under the same orders issued by this court. In America, the government and the governed are absolutely equal under the same law. The American Constitution insures equality and equal treatment for one and all in this land, which is "governed by law, not by men."

After more than thirty months, it is finally up to this court to render judgment. This court was especially established to check and balance the conduct of the Executive Branch. Defendant's motions to dismiss are in fact two requests to this court to reward defendant for hiding facts through theft and forgery and for preventing plaintiff from filing on time by using brute force, which are facts never denied or rebutted by defendant; especially when defendant was caught by this court red-handed, stealing court records and falsifying court proceedings pertaining to facts related to this case.

When a defendant fears depositions and absolutely refuses to rebut plaintiff's facts, under oath, this defendant has in fact already conceded in a court of law.

In spite of my very sad and negative experience with the justice system of this country which I protected with my life for no reward whatsoever, I still trust this honorable court to do the right thing. This court's orders caused defendant to completely default, leaving defendant without any legal cover.

This honorable court kept in force its diligent search for the truth, until defendant was forced to concede by its absolute refusal to rebut, refute or deny one single fact presented by plaintiff, with evidence, under oath.

When justice prevails, America is always the winner, regardless of who the defendants or plaintiffs are. It is always the law that brings forth the truth in every case, when the law is truthfully linked with facts supported by evidence, under oath.

That is how Justice always prevails in the end, in a just nation ruled by law.

I, Mustafa M. Zein, plaintiff in this case, Zein vs. U.S. No. 99-244C, declare and say under penalty of perjury that all the above is true and factual.

Respectfully submitted,

Mustafa M. Zein
{COR LD NTC] [PRO SE]
c/o Robert W. Thabit, ESQ.
172 82nd Street
Brooklyn, NY 11209
Tel. 718 748-6861

Date: January 14, 2002

## CERTIFICATE OF SERVICE

I hereby certify that under penalty of perjury that on this 14th day of January 2002, I caused to be placed in the United Sates mail (first class) copies of plaintiff's response to defendant's nonresponse to plaintiff's affidavit addressed as follows:

January 14, 2001

TO: MISS LISA B. DONIS, ATTORNEY
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Att: Classification Unit
8th Floor, 1100 L St. NW

Signature: ______________________
Mustafa M. Zein

P

UNITED STATES COURT OF FEDERAL CLAIMS

Docket No. 99-244

TO: Judge Bruggink

FROM: Clerk's Office

Zgin

The attached was received on 1-17-02 and the following defect(s) is/are noted:

1. ____ Untimely, due to be filed by __________ [ Rule 83.2 ]

2. ____ Proof of service: [ Rule 5(e) ]
   ____ is missing; ____ is not signed or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____ Not signed by the attorney of record: ______________________
   [ Rule 11 and 81(d) ]

4. ____ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 7(b) | re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 56(d) | re: proposed findings or statement of genuine issues is missing |
| ____ | 56.1(b) | re: statement of facts or counter-statement of facts is missing |
| ____ | 82(c) | re: binding |
| ____ | 83 | re: original / copies missing |
| ____ | 83.1(a)(1) | re: table of contents |
| ____ | 83.1(a)(1)(G) | re: index to appendix / exhibits is missing or in the wrong location |
| ____ | 83.1(b) | re: length of briefs or memoranda |
| ____ | ________ | ______________________ |
| | | ______________________ |

5. ____ Original affidavit(s) is / are missing [ Rule 56(f), 83 and Appendix H ]

6. ____ Does not comply with General Order No. 32 re: judge's name on all filings

7. ✓ No provision in the Rules for the filing of this item

8. ____ ______________________

Addi

Initials of Deputy Clerk